**Rebecca FILLA, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

**No. 64898.**

Missouri Court of Appeals,
Eastern District,
Division Four.

April 5, 1994.

---

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Joseph E. Cordell, Cordell & Cordell, St. Louis, for respondent.

AHRENS, Judge.

The Director of Revenue (Director) appeals from the circuit court's order setting aside an administrative revocation of the driving privilege of Rebecca Filla (Driver). We reverse and remand.

Driver was arrested on March 12, 1993, and charged with operating a motor vehicle while in an intoxicated condition. On April 2, 1993, Director issued to Driver a notice of revocation for refusing to submit to a chemical test to determine her blood alcohol content. On May 6, 1993, Driver filed a petition for judicial review.

Director filed a motion to dismiss the petition on June 9, 1993, asserting that the circuit court lacked subject matter jurisdiction due to Driver's failure to timely file her petition. The motion was not heard. On September 20, 1993, the petition was confessed by an assistant prosecuting attorney for St. Louis County. The circuit court then set aside the revocation.

On appeal, Director argues the trial court erred in setting aside the revocation of Driver's driving privilege. Director contends that the circuit court lacked subject matter jurisdiction because Driver failed to file her petition for review in a timely manner. We agree.

■ A driver whose license has been revoked pursuant to § 577.041, RSMo Supp. 1993, for failure to take a chemical test, has thirty days after notice to file a petition for review. § 302.311, RSMo 1986. The time limitation for filing notice of review of the revocation of one's driver's license is triggered by the sending of the notice. *Bales v. Director of Revenue*, 786 S.W.2d 184, 186 (Mo.App.1990). As a result, Driver must file her petition for review with the circuit court within thirty days of the mailing or delivery of notice of revocation. *Welch v. Director of Revenue*, 859 S.W.2d 230, 231 (Mo.App.1993). In the present case, notice was mailed on April 2, 1993. Driver did not file her petition for review until May 6, 1993, some thirty-four days later. Therefore, Driver's petition was untimely.

 Driver contends for the first time on appeal that the address shown on her driver's license was not her current address. Driver concludes the original notice "would have been" returned by the postal authorities. Driver claims she called the Department of Revenue on April 13, 1993, because she "knew that a Notice should have been sent to her." She requested a notice be sent to her current address. She claims Director sent a new notice dated May 28, 1993. Driver therefore argues her petition for review filed May 6, 1993, was timely. Director in its reply brief stipulates that Driver called on April 13, 1993, that the original notice was returned and that it was re-mailed to Driver on May 28, 1993. However, Director states it is unable to stipulate whether Driver received the notice prior to it being returned.

Driver did not allege in her petition a date of receipt of notice within thirty days of its filing. Nor is there any evidence in the record on appeal to support such a finding. In fact, the record on appeal belies Driver's claim that the thirty day time for filing her petition for review should start with May 28, 1993, when Director re-mailed notice. In her petition for review filed May 6, 1993, Driver acknowledges she "has received notice from the Director of Revenue that effective May 2, 1993, her privilege to legally operate a motor vehicle in the State of Missouri will be revoked for a period of one (1) year ..." [1] We find no merit in driver's contentions.

Driver further argues that the arresting officer was in violation of § 302.515 RSMo 1986, because he failed to ask Driver her current address. Section 302.515 RSMo 1986, provides:

>  2. The notice of suspension or revocation shall be mailed to the person at the last known address shown on the department's records, and to the address provided by the enforcement officer's report if that address differs from the address of record. The notice is deemed received three days after mailing, unless returned by postal authorities.

This statute does not create an affirmative duty on the part of the arresting officer to obtain a driver's current address. The statute merely provides that notice must also be sent to the address on the officer's report if it differs from the address of record.

 In the present case, the arresting officer's report reflected Driver's address as shown in Director's records. There is no evidence in the record that Driver had furnished a more current address to Director or the arresting officer. We find no violation of the statute in the arresting officer's report. Nor was it a violation of the statute for Director to send notice to the last known address shown in Director's records.

We find that Director followed the procedure required by § 302.515 RSMo 1986. Notice having been properly mailed, Driver's filing of her petition after thirty days had expired was untimely. Driver's failure to file a timely petition deprived the circuit court of subject matter jurisdiction. *Welch,* 859 S.W.2d at 231. An action taken by a court which lacks subject matter jurisdiction is null and void. *Ferguson v. Director of Revenue,* 783 S.W.2d 132, 133 (Mo.App.1989). Therefore, the circuit court was barred from considering the petition and its judgment setting aside the revocation of Driver's driving privilege is null and void.

The judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to dismiss Driver's petition for review for lack of jurisdiction over the subject matter.

GRIMM, P.J., and CARL R. GAERTNER, J., concur.

1. We further note that one of the matters outside the record which Driver asks us to consider is that she called the Department of Revenue on April 13, 1993, because she "knew that a Notice should have been sent to her." At that time, there were twenty days remaining in the original thirty-day period within which to file a petition for review.