**Melvin E. OGLE, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. WD 50089.**

Missouri Court of Appeals,
Western District.

Feb. 28, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rodney P. Massman, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Mark L. Williams, Kirksville, Seth D. Shumaker, Lancaster, for respondent.

Before FENNER, C.J., P.J., and LOWENSTEIN and BERREY, JJ.

FENNER, Chief Judge.

On March 10, 1994, the Director of Revenue ("Director") issued a notice to respondent, Melvin E. Ogle, indicating that his driving privilege would be suspended for thirty days for accumulating eight or more points in an eighteen month period. On April 14, 1994, Ogle filed a petition in the Circuit Court of Adair County seeking review of this suspension. After a hearing, Judge Bruce Normile entered an order on August 15, 1994, setting aside the suspension action ordered by the Director. The Director appeals this order.

In its sole point on appeal, the Director contends the trial court lacked subject matter jurisdiction to set aside the suspension action because Ogle failed to timely file his petition for review.

Section 302.311, RSMo 1994, provides that in the event a license is suspended, the licensee may appeal to the circuit court within thirty days of the date of the notice of suspension. The rule is well established that failure to file a petition for review of an administrative decision within thirty days, as prescribed by § 302.311, RSMo 1994, deprives the circuit court of subject matter jurisdiction. *Welch v. Director of Revenue,* 859 S.W.2d 230, 231 (Mo.App.1993). The thirty-day time limitation is triggered by the sending of the notice by the Director. *Id.* In this case, the notice was mailed on March 10, 1994. Therefore, Ogle's petition, filed on April 14, 1994, was filed four days after the expiration of the thirty-day time limitation.

Lack of subject matter jurisdiction may be raised for the first time on appeal. *Welch,* at 231 (citing *Ferguson v. Director of Revenue,* 783 S.W.2d 132, 133 (Mo.App. 1989)). Any action taken by a court lacking subject matter jurisdiction is null and void. *Ferguson,* 783 S.W.2d at 133. Since Ogle filed his petition for review out of time, the circuit court lacked subject matter jurisdiction to set aside his driver's license suspension. Therefore, the order setting aside the suspension is void and is hereby vacated.

All concur.