Adrian DANNER, Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Appellant.

No. WD 51564.

Missouri Court of Appeals, Western District.

April 9, 1996.

Charles L. Gooch, Jefferson City, for appellant.

Preston L. Cain, Jr., Kansas City, for respondent.

Before FENNER, C.J., P.J., and LOWENSTEIN and SMART, JJ.

FENNER, Chief Judge.

The Director of Revenue appeals from an order of the trial court setting aside the suspension of respondent Adrian Danner's driving privileges in Missouri.

Respondent was arrested for driving while intoxicated on November 13, 1994. A subsequent breath analysis test indicated that he had a blood alcohol concentration, by weight, of .105%. In that respondent's blood alcohol content equaled or exceeded .10%, his driving privilege was suspended by the Director pursuant to the administrative .10 BAC law, §§ 302.500—302.541, RSMo 1994.[1]

Respondent requested an administrative hearing which was held on January 18, 1995. The record reflects that the hearing officer's decision sustaining the suspension was mailed to respondent and his attorney on January 30, 1995. On March 3, 1995, respondent filed a petition for trial de novo in the Circuit Court of Platte County, Missouri. The Director of Revenue filed an entry of appearance and answer on April 4, 1995, alleging lack of subject matter jurisdiction due to untimely filing. The Director also filed a motion to dismiss for lack of subject matter jurisdiction, which motion was denied

by the trial court. A trial was conducted and the trial court entered an order which set aside the suspension of respondent's driving privilege.

On appeal, the Director argues that the trial court erred in entering judgment because the court lacked subject matter jurisdiction. The Director argues that the respondent failed to timely file his petition for judicial review and, therefore, the court was without subject matter jurisdiction and obligated to dismiss the petition.

Section 302.530.6 and .7 relate to notice of a hearing officer's decision upon administrative review of suspension or revocation of a person's driver's license and appeal from the hearing officer's administrative decision.

Section 302.530.6 provides as follows:

6. The department shall promptly notify, by certified letter, the person of its decision including the reasons for that decision. Such notification shall include a notice advising the person that the department's decision shall be final within 15 days from the date of certification of the letter unless the person challenges the department's decision within that time period by filing an appeal in the circuit court in the county where the arrest occurred.

Furthermore, § 302.530.7 provides as follows:

7. Unless the person, within 15 days after being notified by certified letter of the department's decision, files an appeal for judicial review pursuant to § 302.535, the decision of the department shall be final.

The Director argues in the case at bar that the trial court lacked subject matter jurisdiction because respondent's petition for judicial review of his driver's license suspension was not filed within 15 days of the date that notice was mailed to respondent. It is the Director's position that the mailing of notice begins the time period for appeal. Respondent, on the other hand, argues that the time for appeal is tolled until notice is received. Respondent argues that since § 302.530 requires notice by certified mail that a return receipt or other proof of actual service is

---

1. All statutory references are to RSMo 1994.

further necessarily required. Respondent argues that the Director failed to prove service of notice of the hearing officer's decision by means of a return receipt or otherwise.

■ "Return receipt" mail is not the same as certified mail. Under postal regulations, certified mail and "return receipt" mail are separate and distinct services. The cost for certified mail is $1.10 per item, in addition to postage, and is available only on first-class or priority mail. U.S. POSTAL SERVICE, ISSUE 49, DOMESTIC MAIL MANUAL § R900.5.0 (1995). The advantage of certified mail is that there is a record from the post office that the mail was presented to the post office for processing. "Return receipt" mail provides evidence of delivery. U.S. POSTAL SERVICE, ISSUE 49, DOMESTIC MAIL MANUAL § S915.1.1 (1995). "Return receipt" mail requires an additional fee of $1.10 per item, over and above the fee for other services such as the certified mail fee and cost of postage. U.S. POSTAL SERVICE, ISSUE 49, DOMESTIC MAIL MANUAL § R900.17.0, § S915.1.4 (1995). Under postal regulations, a return receipt can be requested with certified mail, but it is not required. Likewise, section 302.530.6 does not require a return receipt; it merely requires certification that notice of the hearing officer's decision was mailed. Furthermore, the time allowed for appeal from a hearing officer's decision is 15 days from the date of certification of the letter of notice of the hearing officer's decision. § 302.530.6, .7. Certification does not necessarily require a return receipt as argued by respondent.

■ In the case at bar, notice was provided by certified letter on January 30, 1995. As a result, respondent's petition for judicial review was required to be filed no later than February 14, 1995. Respondent's petition was not filed until March 3, 1995. Consequently, respondent's petition was not timely and deprived the trial court of subject matter jurisdiction.[2]

Respondent argues further that regardless of whether notice was sent, he did not re-

ceive notice of the hearing officer's decision within the 15 day time period. Although respondent so alleged in his petition, there is nothing in the record to support this argument. Respondent's pleadings are not self-proving and no record was made of the hearing herein. Although there might very well be due process implications if delivery of the notice was not received or was unduly delayed through no fault of respondent, there are no facts to support this allegation in the record before us. Consequently, lack of receipt of notice is not subject to review in this appeal.

■ Because respondent filed his petition for judicial review out of time, the circuit court lacked subject matter jurisdiction to set aside his driver's license suspension. Any action taken by a court lacking subject matter jurisdiction is null and void. *Ogle v. Director of Revenue,* 893 S.W.2d 403, 404 (Mo.App.1995).

The order setting aside the suspension of respondent's driver's license is void and is hereby vacated.

All concur.

---

2. Failure to file a petition for administrative review within the time prescribed by statute deprives the court of subject matter jurisdiction.

*Ogle v. Director of Revenue,* 893 S.W.2d 403, 404 (Mo.App.1995).