**Kevin J. GEHRS, Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

**No. 72063.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 17, 1998.

---

Robert S. Adler, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent.

CRANDALL, Judge.

Kevin J. Gehrs appeals from a judgment of the trial court, dismissing as untimely his petition for trial de novo after an administrative hearing officer upheld the suspension of his driving privileges. We reverse and remand.

Gehrs was arrested on November 30, 1995 for driving while intoxicated. On that date

the arresting officer gave Gehrs a Department of Revenue form notifying him that his license would be suspended. Attorney, Kevin C. Roberts, notified the Department of Revenue that he represented Gehrs and requested an administrative hearing. According to Gehrs, he hired attorney, Robert S. Adler, on December 18, 1995 to represent him. The administrative hearing was held on January 18, 1996. The administrative hearing officer held that Gehrs' driving privileges were to be suspended or revoked "as authorized by and required by Sections 302.505 and 302.525 RSMo." and found that there was probable cause Gehrs was driving while his blood alcohol content was .10 percent or greater. Robert Adler was listed as the attorney for Gehrs on the findings of fact and conclusions of law that were prepared by the hearing officer. On April 26, 1996, Gehrs filed a petition for trial de novo pursuant to section 302.311 RSMo 1994. He alleged that Robert Adler contacted the Department of Revenue in March 1996 to check on the status of his case and was advised that the findings and conclusions were mailed to Kevin Roberts on February 2, 1996.[1] Gehrs also alleged that Adler first received a copy of the administrative hearing officer's findings and conclusions on or about March 28, 1996. The Director of Revenue (Director) filed a motion to dismiss, asserting that Gehrs' petition for trial de novo was untimely. The trial court found that Gehrs' petition for trial de novo was untimely and therefore it lacked subject matter jurisdiction. Gehrs appeals from this judgment.

A circuit court lacks subject matter jurisdiction when a petition for trial de novo is filed out of time after a hearing officer's decision regarding suspension of driving privileges. *Danner v. Director of Revenue,* 919 S.W.2d 285, 287 (Mo.App. W.D.1996). The trial court found in part that: (1) it is irrelevant whether Robert Adler was mailed the hearing officer's decision; (2) pursuant to section 302.530.6 RSMo 1994 Gehrs was properly notified of the hearing officer's decision and this section requires "nothing fur-

---

1. The Department of Revenue's business records show that certified mail was sent to Gehrs on February 2, 1996.

ther;" (3) the time allowed for appeal of the hearing officer's decision suspending a driver's license is fifteen days from the date of certification of the letter giving notice of the hearing officer's decision; (4) the time for appeal started when the decision was mailed to Gehrs on February 2, 1996 and the last day for filing his petition was February 17, 1996, therefore making the petition Gehrs filed on April 26, 1996 untimely; and (5) Gehrs could not seek review of the hearing officer's decision under the general statute for review, section 302.311.

■ The salient issue is whether Gehrs' time to appeal for review of the hearing officer's decision is governed by section 302.311 or by section 302.530. Section 302.311 is a general statute that addresses the procedures for appealing the suspension or revocation of a driver's license. *Marsala v. Director of Revenue,* 793 S.W.2d 492, 494 (Mo.App.1990). Section 302.311 provides in part:

> [i]n the event that a license is suspended or revoked by the director ... the licensee so aggrieved may appeal to the circuit court of the county of his residence in the manner provided by chapter 536, RSMo, for the review of administrative decisions at any time *within thirty days after notice* ... that a license is suspended or revoked.

(emphasis added).

Section 302.530 is a specific statute that addresses the procedures for administrative review when a person receives notice of suspension or revocation of driving privileges. Section 302.530.6 provides in part:

> The department shall promptly notify, by certified letter, the person of its decision including the reasons for that decision. Such notification shall include a notice advising the person that the department's decision shall be final within fifteen days from the date of certification of the letter unless the person challenges the department's decision within that time period by filing an appeal in the circuit court where the arrest occurred.

Section 302.530.7 provides that "[u]nless the person, within fifteen days after being noti-

fied by certified letter of the department's decision, files an appeal for judicial review pursuant to section 302.535, the decision of the department shall be final."

We first consider if it is relevant whether Adler was mailed the hearing officer's decision.[2] An administrative hearing was conducted pursuant to section 302.530. The Department of Revenue has promulgated regulations for the procedures to be used for hearings held under section 302.530. 12 CSR 24.030. This regulation includes a provision as to who shall be notified of the decision resulting from the administrative hearing.

> (8) Subsequent to the hearing, the director shall render a final decision separately stating Findings of Fact and Conclusions of Law. The party shall be mailed a copy of the Findings of Fact and Conclusions of Law by certified mail. *The attorney of record shall be mailed a copy of the Findings of Fact and Conclusions of Law by regular mail.*

12 CSR 24.030(8) (emphasis added).

■ The regulation must be followed by the Department of Revenue and its hearing officers unless it is unreasonable and plainly inconsistent with the statute. *State ex rel. Rival Co. v. Gant,* 945 S.W.2d 475, 477 n. 1 (Mo.App. W.D.1997). The above quoted regulation requires the Director to mail the attorney of record a copy of the findings and conclusions. Given the language of 12 CSR 24.030(8), the trial court erred in finding it was irrelevant whether Adler was mailed the hearing officer's decision.

We next consider the significance of the Director's failure to properly notify Adler of the hearing officer's decision. This court has considered whether the specific statutes, sections 302.500–302.540, or the general statute, section 302.311, applied when the Director failed to follow the statutory procedures set out in the specific statutes. *Marsala,* 793 S.W.2d at 493–94. In *Marsala,* the Director denied the driver an administrative hearing despite the fact he followed the statutory requirements to request such a hearing. *Id.* at 494. The driver then filed his petition for

**2.** Adler was listed as Gehrs' attorney on the hearing officer's decision.

trial de novo under section 302.311. *Id.* The circuit court denied the Director's motion to dismiss, sustained the driver's petition for review and ordered his driving privileges reinstated. *Id.* at 493. The Director argued on appeal that the circuit court lacked jurisdiction because the driver's exclusive method of review was provided by sections 302.500–302.540, and he failed to comply with that method. *Id.* at 494. In affirming the judgment, this court held that when the Director failed to follow the statutory requirements of the specific statutes, those statutes no longer applied and seeking jurisdiction under the general statute was proper. *Id.*

We find *Marsala* analogous to the present case. Here, the Director failed to properly notify Gehrs' attorney. The time for appealing the hearing officer's decision is therefore governed by the general statute, section 302.311. Accordingly, as a matter of law, the trial court erred in dismissing as untimely Gehrs' petition for trial de novo.

The judgment of the trial court is reversed and the cause remanded for further proceedings.

AHRENS, P.J., and KAROHL, J., concur.