v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

No. ED 76450.

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 29, 2000.

James McINERNEY, Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

No. ED 76249.

Missouri Court of Appeals,
Eastern District,
Division Seven.

Feb. 29, 2000.

Before MARY RHODES RUSSELL, C.J., LAWRENCE G. CRAHAN, J., and ROBERT E. CRIST, Sr.J.

*ORDER*

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Charles H. Billings, St. Louis, for respondent.

## MARY RHODES RUSSELL, C.J.

The Director of Revenue ("director") appeals the trial court's judgment reinstating the driving privileges of James McInerney ("driver"). The director claims the trial court lacked jurisdiction in that driver failed to meet his burden of proving his petition was timely filed. We agree, and reverse and remand.

Driver was arrested for driving while intoxicated on July 2, 1998. He struck two parked cars and demonstrated other signs of intoxication, such as smelling strongly of alcohol, having bloodshot eyes, exhibiting an unsteady stance, and slurring his speech.

Officer Nicholson ("officer") testified driver initially agreed to take a breathalyzer test, but refused when the time came to administer the breathalyzer. Officer also testified driver was advised of his rights under the Missouri Implied Consent Law. He handed driver Form 4323 ("form"). The form is a temporary driving permit stating that refusing to submit to a breathalyzer test results in surrender of a driver's license and driving privileges are revoked. The revocation becomes effective fifteen days from the date on the form. The form also sets forth the procedure for requesting a petition for review, including the thirty day filing requirement. Officer witnessed driver sign the form. Officer placed the form in driver's property bag.

Director revoked driver's driving privileges on July 18, 1998. Driver filed a petition for review on November 13, 1998, four months after the revocation.

Driver testified he refused to take the breathalyzer test, but stated he was never given the form, nor did he sign it. Driver visited an attorney the week following his arrest who told him the importance of this form and said driver would soon be receiving the form from director.

Driver testified he received the form from his attorney, but did not state the date of his receipt. The trial court found in favor of driver and instructed director to reinstate driver's license. This appeal followed.

The judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d

30, 32 (Mo.banc 1976); *Walker v. Director of Revenue*, 922 S.W.2d 57, 58 (Mo.App. 1996).

Director contends the trial court erred in denying the motion to dismiss in that the trial court lacked subject matter jurisdiction because driver failed to establish that his petition for review was timely filed. We agree.

 A driver whose license has been revoked pursuant to section 577.041 RSMo (Cum.Supp.1998) for failure to take a chemical test has thirty days after notice to file a petition for review. Section 302.311 RSMo 1994. The time limitation for filing a notice of review of the revocation of one's driver's license is triggered by the sending of the notice. *Filla v. Director of Revenue*, 873 S.W.2d 325, 326 (Mo.App.1994). As a result, driver must file a petition for review with the circuit court within thirty days of the mailing or delivery of notice of revocation. *Id.*

In *Filla*, the driver was also aware she would be receiving the form from the director. She filed a petition for review but failed to specify the date she received notice. Thus, our court held she failed to prove the petition was timely filed. *Id.* at 327. We reversed the trial court's judgment and remanded the cause with instructions to dismiss the petition. *Id.*

In the present case, although driver alleged in his petition that director did not provide the form to him, he testified at the hearing that he received the form from his attorney. However, he did not testify, nor did he state in his petition, a date of receipt of the form. The record does not reflect any evidence that the petition was filed within thirty days of driver receiving such notice.

Driver bears the burden to prove the petition for review was filed "within thirty days after notice" of revocation. *Ezenwa v. Director of Revenue*, 791 S.W.2d 854, 857 (Mo.App.1990). That limit of time is jurisdictional. *Id.*

Driver's failure to set forth facts to prove the petition was timely filed deprived the circuit court of subject matter jurisdiction. *Filla*, 873 S.W.2d at 327. An action taken by a court which lacks subject matter jurisdiction is null and void. *Id.* Therefore, the trial court was barred from considering the petition, and its judgment setting aside the revocation of driver's driving privileges is null and void.

Because of the disposition of the jurisdictional issue, we do not need to address director's second point on appeal.

The judgment of the trial court is reversed and the cause is remanded for the driver's petition to be dismissed for lack of jurisdiction by the trial court.

WILLIAM H. CRANDALL, Jr., J. and RICHARD B. TEITELMAN, J., concur.