William H. BECKERMAN, Jr., Respondent,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. ED 76874.

Missouri Court of Appeals, Eastern District, Division Four.

Dec. 12, 2000.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Lance Drury, Ste. Genevieve, for respondent.

MOONEY, Presiding Judge.

The Director of Revenue ("Director") appeals the trial court's judgment permanently staying Director's September 5, 1997 order that both revoked William H. Beckerman, Jr.'s ("Driver") driving privi-

---

leges for one year pursuant to section 302.304 RSMo. (1994)[1] and denied Driver's driving privileges for ten years pursuant to section 302.060. More specifically, Director argues that the trial court erred in setting aside the denial of Driver's driving privileges because: (1) the trial court lacked subject-matter jurisdiction in that Driver failed to file a timely petition to challenge the denial action, and (2) the denial of driving privileges was proper in that evidence established that Driver was convicted more than twice of offenses relating to driving while intoxicated ("DWI") and that the judge for the municipal ordinance conviction was an attorney. We reverse and remand.

The facts essential to this appeal are quite straightforward. Director issued two, separate loss of driving privileges notices to Driver on September 5, 1997, one revoking his driving privileges for one year and another denying such privileges for ten years. With respect to the notice of the one-year revocation, which was based upon an accumulation of traffic convictions, Director cited DWI convictions dated September 4, 1997, and March 27, 1997, as the basis for revocation. In addition, Driver was also denied driving privileges for ten years based upon two DWI convictions that occurred on August 1, 1997, and September 3, 1996, and an excessive blood alcohol content conviction dated June 6, 1994.

In response to the notices, Driver filed a petition for judicial review on October 2, 1997, challenging the one-year revocation due to the accumulation of traffic convictions. Driver later filed an amended petition on October 14, 1997, seeking review of both the one-year revocation and the ten-year denial of driving privileges. After a hearing, the trial court entered a judgment permanently staying Director's order of September 5, 1997. Director filed this timely appeal.

We review the trial court's decision in accordance with the standard of review set forth in *Murphy v. Carron,* and will sustain the trial court's decision unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. 536 S.W.2d 30, 32 (Mo. banc 1976).

In essence, we construe Director's appeal as challenging only the ten-year denial of Driver's driving privileges because no infirmity is raised by Director in his brief as to the one-year revocation. Instead, Director argues that the trial court erred in setting aside the ten-year denial because the trial court lacked subject-matter jurisdiction. We agree.

Missouri law clearly states that the failure to file a petition for review within the thirty-day period set forth in section 302.311 deprives the trial court of subject-matter jurisdiction over the matter. *Randles v. Schaffner,* 485 S.W.2d 1, 2–3 (Mo. 1972). Here, Director issued the loss of driving privileges notices to Driver on September 5, 1997. Driver filed a petition for judicial review on October 2, 1997, well within the thirty-day time limit, but challenged only the one-year revocation. Although Driver later filed an amended petition on October 14, 1997, seeking review of both the one-year revocation and the ten-year denial, the amended pleading was untimely as it was filed outside the thirty-day period.

We further conclude that although Rule 55.33(c), regarding the relation-back doctrine, may apply to administrative proceedings, *Jones v. Western Missouri Mental Health Center,* 840 S.W.2d 278 (Mo. App. W.D.1992), it would afford no relief here. In brief, the relation-back doctrine provides that when a claim asserted in an amended pleading "arose out of the conduct, transaction, or occurrence" set forth in the original pleading, the amendment relates back to the original pleading date. Rule 55.33(c). The review sought in the original petition was of the one-year revo-

---

1. All further statutory references are to RSMo. (1994) unless otherwise indicated.

cation, which the Director issued based upon an accumulation of traffic convictions. More specifically, in Director's notice of loss of driving privileges he cites DWI convictions dated September 4, 1997, and March 27, 1997, as the basis for the one-year revocation. However, the review sought in the amended petition for the ten-year denial stemmed from two DWI convictions dated August 1, 1997, and September 3, 1996, and an excessive blood alcohol content conviction on June 6, 1994. Because the one-year revocation and ten-year denial of driving privileges do not arise from the same underlying convictions, Director's actions revoking Driver's driving privileges for one year and denying such privileges for ten years are entirely unrelated. Therefore, the trial court merely had jurisdiction to stay the one-year revocation, which was challenged by Driver in a timely manner, but erred in staying the ten-year denial as the trial court did not have subject-matter jurisdiction over this claim.

Director's second claim of error relates solely to the trial court's stay of the ten-year denial of Driver's driving privileges. Because we find above that the trial court lacked subject-matter jurisdiction with respect to the ten-year denial, we do not address this allegation of error.

We reverse and remand with directions to dismiss as untimely filed Driver's amended petition for review of the ten-year denial.

SIMON and SULLIVAN, JJ., concur.

