Peter B. HOWARD, Appellant,

v.

DIRECTOR OF REVENUE, Respondent.

No. ED 87379.

Missouri Court of Appeals, Eastern District, Division Two.

June 30, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 31, 2006.

Application for Transfer Denied Oct. 31, 2006.

Naren Chaganti, Attorney at Law, Los Angeles, CA, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl Caponegro Nield, Asst. Attorney General, Jefferson City, MO, for Respondent.

GARY M. GAERTNER, SR., Presiding Judge.

Appellant, Peter B. Howard ("Howard"), appeals the judgment of the Circuit Court of the City of St. Louis denying his request for reinstatement of his driver's license. We reverse and remand.

In July of 2000, Howard rented a vehicle from Avis Rent–A–Car Systems, Inc. ("Avis"). In July of 2001, Avis sued Howard for breach of contract. On March 13, 2003, Avis obtained a judgment for $15,942. Howard concedes that the judgment remains unsatisfied.

In a letter dated December 8, 2003, Mr. Kevin Marquitz ("Marquitz"), an attorney, wrote to Respondent, Director of Revenue ("the DOR"), stating that there is an unsatisfied judgment against Howard. Marquitz's letter requested that Howard's driver's license be suspended until such time as the judgment is satisfied. The DOR suspended Howard's driver's license effective December 20, 2003.

On June 21, 2005, Howard filed this action for reinstatement of his driver's license. On November 14, 2005, the trial court denied Howard's request for reinstatement of his driver's license. This appeal by Howard followed.

Before addressing Howard's points on appeal, we must first determine *sua sponte* whether the trial court had subject matter jurisdiction over Howard's action. *See In re B.S. v. State,* 966 S.W.2d 343, 344 (Mo.App. E.D.1998).

In the event that a license is suspended by the DOR, the aggrieved party "may appeal to the circuit court of the county of his residence in the manner provided by chapter 536, RSMo, for the review of administrative decisions at any time within thirty days after notice ... that a license is suspended or revoked." Section 302.311, RSMo 2000.[1] The failure to file a petition for review within the thirty day period set out in section 302.311 deprives the trial court of subject matter jurisdiction over the action. *Beckerman v. Director of Revenue,* 34 S.W.3d 413, 414 (Mo.App. E.D.2000). Where the trial court does not have subject matter jurisdiction over an action, any judgment entered thereon is void. *Bagsby v. Gehres,* 169 S.W.3d 543, 547 (Mo.App. E.D.2005).

Howard has never contested the DOR's assertion that he received notice of the suspension of his driver's license in December of 2003. Howard did not file his petition for reinstatement of his driver's license until June 21, 2005. Thus, Howard did not file his petition until approximately a year and a half after he received notice that the DOR suspended his driver's license. As a result, Howard's petition filed in the trial court was untimely. Therefore, we find that the trial court lacked subject matter jurisdiction over Howard's petition. Because the trial court had no subject matter jurisdiction, its judgment is void.

We reverse and remand this case to the trial court with instructions that it set aside its judgment and enter an order dismissing Howard's petition as untimely.

GEORGE W. DRAPER III and KENNETH M. ROMINES, JJ., concurs.

1. All statutory references are to RSMo 2000, unless otherwise indicated.