**Sheryl E. BARBEAU, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. ED 88631.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 21, 2007.

As Amended Aug. 28, 2007.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jennifer D. Wilson, Jefferson City, MO, for appellant.

Steven M. Davis, Arnold, MO, for respondent.

ROY L. RICHTER, P.J.

The Director of Revenue ("Director") appeals the judgment restoring Sheryl Barbeau's ("Driver") driving privileges. We reverse and remand with instructions.

## I. BACKGROUND

Police arrested Driver for driving under the influence of alcohol. After a breath analysis test showed Driver's blood alcohol content to be above the legal limit, Driver was notified that her license would be suspended. Driver timely requested an administrative hearing.

After a hearing, the Department of Revenue mailed the hearing officer's decision to Driver on April 10, 2006, which stated that Driver's driving privileges were to be

suspended. This decision further indicated that Driver could file a petition for a trial de novo and that she was required to do so by the effective date of her suspension, April 25, 2006.

On May 5, 2006, Driver filed a petition for trial de novo. The Director moved to dismiss Driver's petition for lack of jurisdiction due to Driver's failure to file her petition within fifteen days of April 10, 2006, the date on which the hearing officer's decision was mailed. The trial court failed to rule on this motion. At trial, Director, unready to proceed, moved for a continuance. The trial court denied Director's motion and ordered that Driver's driving privileges be restored.

Director appeals.[1]

## II. DISCUSSION

■ Review of a judge-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court's judgment will be upheld unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Id.*

■ Director raises one point on appeal. Director contends the trial court erred in ordering the reinstatement of Driver's driving privileges because the trial court lacked subject matter jurisdiction over Driver's petition. Specifically, Director alleges that Driver failed to file her petition within 15 days from April 10, 2006, the

date the Department of Revenue mailed the hearing officer's decision, as required by Section 302.530.6 RSMo Cum.Supp. 2005.[2] We agree.

■ "A circuit court lacks subject matter jurisdiction when a petition for trial de novo is filed out of time after a hearing officer's decision regarding suspension of driving privileges." *Gehrs v. Director of Revenue*, 965 S.W.2d 360, 361 (Mo.App. E.D.1998). Where a trial court lacks subject matter jurisdiction, any judgment entered thereon is void. *Howard v. Director of Revenue*, 202 S.W.3d 612, 613 (Mo.App. E.D.2006). Sections 302.530.6 and 302.530.7 discuss the notice that the Department of Revenue must give to a driver regarding a hearing officer's decision and the time frame for appeal from such a decision. These sections dictate that a driver may appeal only during the 15 days following a decision's mailing.[3] *See Danner v. Director of Revenue*, 919 S.W.2d 285, 287 (Mo.App. W.D.1996).

Here, the Department of Revenue mailed the hearing officer's decision on April 10, 2006. However, Driver did not file her petition for trial de novo until May 5, 2006. Thus, Driver did not file her petition within 15 days of the decision's mailing as required by statute. Therefore, Driver's petition was untimely and the trial court lacked subject matter jurisdiction over Driver's petition. Accordingly, the

---

1. Driver's motion to dismiss the appeal or strike appellant's legal file is denied.

2. All further statutory references are to RSMo Cum.Supp.2005 unless otherwise noted.

3. Section 302.530.6 provides:
   The department shall promptly notify the person of its decision including the reasons for that decision. Such notification shall include a notice advising the person that the department's decision shall be final

within fifteen days from the date such notice was mailed unless the person challenges the department's decision within that time period by filing an appeal in the circuit court in the county where the arrest occurred.
   Section 302.530.7 states, "Unless the person, within fifteen days after being notified of the department's decision, files an appeal for judicial review pursuant to section 302.535, the decision of the department shall be final."

trial court's judgment is void. *Howard,* 202 S.W.3d at 613.

## III. CONCLUSION

We reverse and remand this case with instructions that the trial court set aside its order and dismiss Driver's petition as untimely.

CLIFFORD H. AHRENS and GLENN A. NORTON, JJ., concur.