**Jeffery Allen OWEN, Petitioner–
Respondent,**

v.

**DIRECTOR OF REVENUE,
Respondent–Appellant.**

No. 28716.

Missouri Court of Appeals,
Southern District,
Division One.

June 25, 2008.

Jeremiah W. (Jay) Nixon, Atty. Gen., Curtis R. Stokes, Asst. Atty. Gen., Jefferson City, MO, for Appellant.

Lisa C. Henderson, Buffalo, MO, for Respondent.

---

1. All references to § 302.311 are to RSMo (2000). All other statutory references are to

JEFFREY W. BATES, Judge.

The Director of Revenue (Director) appeals from a judgment reinstating the driving privileges of Jeffrey Owen (Owen). The Director contends the trial court lacked jurisdiction to grant that relief because Owen failed to timely file a petition seeking judicial review of the revocation of his driving privileges by the Department of Revenue (DOR). This Court agrees. The judgment reinstating Owen's driving privileges is reversed, and the cause is remanded with directions.

## I. Factual and Procedural Background

On August 16, 2006, Owen was arrested in Hickory County, Missouri, for driving while intoxicated. A later breathalyzer test measured his blood alcohol content at .144%. Owen surrendered his driver's license to the arresting officer, who gave Owen a "Notice of Suspension/Revocation of Your Driving Privilege."

Thereafter, Owen submitted a timely request for an administrative review by DOR pursuant to § 302.530.1.[1] Owen was represented by counsel, and a telephonic hearing was conducted before an authorized hearing officer on December 28, 2006. *See* § 302.530.3. According to the Director's records, Owen's last known address was "Route 1, Box 98, Preston, MO 65732." This was the same address that appeared on the arresting officer's report.

On January 9, 2007, the hearing officer issued findings of fact and conclusions of law sustaining the revocation of Owen's driving privileges pursuant to § 302.505 and § 302.525. That same day, a copy of DOR's decision was sent by regular mail to Owen's attorney and to Owen at his last known address. The decision stated that

RSMo Cum.Supp. (2005).

Owen's driving privileges were revoked effective January 24, 2007. The document included the following notice: "If you do not agree with the decision made by the department, you may file a petition for Trial DeNovo [sic] in the Circuit Court in the county of arrest. You must file the petition with the court by the effective date of your suspension/revocation."

On February 8, 2007, Owen filed a two-count petition in the Circuit Court of Hickory County, Missouri. Count I of the petition requested "a hearing pursuant to Section 302.311" to conduct a trial *de novo* on the revocation. *See* § 302.311. In the alternative, Count II of the petition requested that the court grant Owen limited driving privileges pursuant to § 302.309 because he was required to operate a motor vehicle in the course of his employment. The Director failed to file an answer to Owen's petition. At a hearing held on March 14, 2007, the Director's attorney moved for a continuance in order to file an answer out of time. That request was denied, and the court conducted the trial *de novo*. The Director presented no evidence, and the court entered a judgment reinstating Owen's driving privileges. That decision rendered moot Owen's alternative request for limited driving privileges as set forth in Count II of his petition.

On April 2, 2007, the Director filed a motion to set aside the judgment and dismiss for lack of jurisdiction. The motion alleged that trial court jurisdiction to reinstate Owen's driving privileges could not properly be predicated on either § 302.535 or § 302.311. The court conducted a hearing on the motion on April 18, 2007.

Owen's lawyer conceded that jurisdiction did not lie pursuant to § 302.535 because the petition for trial *de novo* had not been filed by January 24, 2007. Instead, she argued that jurisdiction existed pursuant to § 302.311 because DOR's decision had not been sent to Owen by certified mail. She acknowledged that the petition was filed pursuant to that statute, and she sought to establish jurisdiction by calling Owen as a witness. A summary of his testimony is set forth below.

Owen admitted that DOR's decision to revoke his driving privileges was made on January 9, 2007. The decision was mailed out that day. At that time, Owen's address was Route 1, Box 98B, Preston, Missouri. Owen did not receive his copy of DOR's decision by either certified or regular mail. His lawyer received the copy of DOR's decision that was mailed to her office. Owen received a copy of DOR's decision from his attorney "[s]ometime ... in January." Exhibit 1, which was a copy of what Owen had received, was admitted in evidence.[2]

On May 3, 2007, the trial court issued a written ruling denying the Director's motion. The court agreed that §§ 302.500–.545 provide the appropriate statutory scheme for judicial review of alcohol-related suspensions or revocations. The court also determined that jurisdiction did not lie pursuant to § 302.535 because Owen failed to file his petition for judicial review by January 24, 2007. Nevertheless, the court ruled that it had jurisdiction pursuant to § 302.311 because "the Director has failed to comply with the requirement under 302.530.6 that notification be made by certified letter."[3] This appeal followed.

---

**2.** This exhibit included a cover letter and DOR's decision. The cover letter was addressed to Owen at "RT 1 BOX 98 PRESTON MO 65732" and showed that a copy was being sent to his attorney.

**3.** At one time, DOR was required to send its decision to the person by certified mail. *See* § 302.530.6 RSMo (2000). A 2005 amendment to the statute deleted this requirement. *See* H.B. No. 487, 2005 Mo. Laws 791; § 302.530.6. This statute also confers author-

## II. Standard of Review

On appeal, our standard of review is well-settled. We must affirm the trial court's judgment unless: (1) there is no substantial evidence to support it; (2) it is against the weight of the evidence; (3) the trial court erroneously declared the law; or (4) the trial court erroneously applied the law. *Driskell v. Director of Revenue*, 169 S.W.3d 187, 189 (Mo.App.2005); *Morris v. Director of Revenue*, 59 S.W.3d 654, 655 (Mo.App.2001). This Court independently evaluates the declaration and application of the law by the trial court. *Reinbott v. Tidwell*, 191 S.W.3d 102, 107 (Mo.App.2006).

## III. Discussion and Decision

The General Assembly has enacted a comprehensive series of statutes that address alcohol-related suspensions and revocations by DOR. *See* §§ 302.500–.545. In relevant part, § 302.530 states:

6. The department shall promptly notify the person of its decision including the reasons for that decision. Such notification shall include a notice advising the person that the department's decision shall be final within fifteen days from the date such notice was mailed unless the person challenges the department's decision within that time period by filing an appeal in the circuit court in the county where the arrest occurred.

7. Unless the person, within fifteen days after being notified of the department's decision, files an appeal for judicial review pursuant to section 302.535, the decision of the department shall be final.

This 15–day deadline is jurisdictional. *Barbeau v. Director of Revenue*, 230 S.W.3d 659, 660 (Mo.App.2007). If a timely petition is filed, § 302.535 grants a circuit court original jurisdiction to conduct a trial *de novo* of an alcohol-related suspension or revocation. *See Jenkins v. Director of Revenue*, 858 S.W.2d 257, 260–61 (Mo.App.1993). If not, the circuit court lacks subject matter jurisdiction to take any action regarding the suspension or revocation. *Barbeau*, 230 S.W.3d at 660. In the absence of a procedural defect that renders judicial review under § 302.535 unavailable, § 302.311 confers no jurisdiction on a circuit court to review an alcohol-related suspension or revocation. *See Nichols v. Director of Revenue*, 116 S.W.3d 583, 587 (Mo.App.2003).

When a court's acquisition of jurisdiction over a case depends on the existence of certain essential facts, the burden of establishing a *prima facie* case of jurisdiction generally rests on the proponent of that jurisdiction. *See, e.g., In re Marriage of Dooley*, 15 S.W.3d 747, 755 (Mo.App. 2000). Here, Owen specifically alleged in his petition that § 302.311 provided the jurisdictional basis for judicial review of his license revocation. Therefore, he bore the burden of proving facts that would authorize the trial court to exercise its jurisdiction pursuant to that statute. *See McInerney v. Director of Revenue*, 12 S.W.3d 403, 405 (Mo.App.2000); *Filla v. Director of Revenue*, 873 S.W.2d 325, 327 (Mo.App.1994); *Ezenwa v. Director of Revenue*, 791 S.W.2d 854, 856–57 (Mo.App. 1990). In order to do so, Owen had to prove a procedural defect by DOR that rendered judicial review under § 302.535

ity on the Director to adopt rules and regulations necessary to carry out the provisions of the statute. *See* § 302.530.8. Pursuant to that authority, DOR adopted an administrative regulation requiring that "[t]he party and the attorney of record shall be mailed copies

of the findings of fact and conclusions of law by regular mail." 12 CSR 10–24.030(7). Unfortunately, the trial court and both counsel were operating under the erroneous assumption that the certified mail requirement was still in effect.

unavailable. *See Nichols,* 116 S.W.3d at 587. The trial court found such a procedural error due to DOR's failure to send the adverse decision to Owen by certified mail. Because § 302.530.6 contains no such requirement, the court's ruling constituted a misapplication of the law.

 On appeal, Owen concedes that notice by certified mail was not required. Nevertheless, he argues the judgment should be affirmed based on his testimony that he did not receive the letter mailed by DOR to Owen's last known address. We disagree. The 15–day time period in § 302.535 runs from the date of the decision's mailing. *Barbeau,* 230 S.W.3d at 660; *Danner v. Director of Revenue,* 919 S.W.2d 285, 287 (Mo.App.1996). According to Exhibit 1, DOR mailed notice of its decision to Owen and his attorney on January 9, 2007. That evidence was uncontested. Owen also testified that his attorney received her letter from DOR, and she provided a copy of it to Owen. In order to support the exercise of jurisdiction under § 302.311, Owen had to prove that his attorney received notice of DOR's decision too late to file a petition for trial *de novo* by January 24, 2007. No such proof was adduced.

In conclusion, the trial court correctly determined that it did not have jurisdiction pursuant to § 302.535 to review the revocation of Owen's driving privileges because his petition for trial *de novo* was not timely filed. The proof presented by Owen at the hearing failed to show any procedural error making judicial review under § 302.535 unavailable. *Nichols,* 116 S.W.3d at 587–88. Consequently, § 302.311 provided no jurisdictional basis for the trial court to review DOR's revocation of Owen's driving privileges.[4] The trial court lacked jurisdiction to conduct a trial *de novo* as to the alcohol-related revocation and should have dismissed Count I of the petition. *Nichols,* 116 S.W.3d at 589. Because the court acted without jurisdiction in reinstating Owen's driving privileges, that decision is null and void. *See Barbeau v. Director of Revenue,* 230 S.W.3d 659, 660 (Mo.App. 2007); *Bacon v. Director of Revenue,* 948 S.W.2d 266, 267 (Mo.App.1997). Point I is granted.

The judgment is reversed. The cause is remanded with directions that the trial court: (1) dismiss Count I of Owen's petition, which requested a trial *de novo* as to the revocation; and (2) conduct further proceedings on Count II of Owen's petition, which requested that the court grant limited driving privileges to Owen pursuant to § 302.309.

PARRISH, P.J., and SCOTT, J., concur.

---

4.  Owen's reliance on *Gehrs v. Director of Revenue,* 965 S.W.2d 360 (Mo.App.1998), is misplaced because that case is factually distinguishable. Gehrs was represented by counsel at the administrative hearing. DOR regulations in effect at that time required notice of the decision to be provided to Gehrs and his attorney. Due to an error by DOR, Gehrs' attorney did not receive any notice of the adverse decision until long after the 15–day time limit in § 302.535 had expired. *Id.* at 361. Therefore, Gehrs was allowed to proceed under § 302.311. *Id.* at 363. No such circumstances were proven to exist in the case at bar.