

# Missouri Court of Appeals

## Southern District

### Division One

BOBBY J. CARTER,                          )
                                          )
    Petitioner-Appellant,             )
                                          )
vs.                                       )     No. SD35818
                                          )     Filed: September 23, 2019
DIRECTOR OF REVENUE,                      )
STATE OF MISSOURI,                        )
                                          )
    Respondent-Respondent.            )

### APPEAL FROM THE CIRCUIT COURT OF MISSISSIPPI COUNTY

Honorable Samuel R. Barker, Associate Circuit Judge

### **AFFIRMED**

Bobby J. Carter ("Carter") appeals the judgment of the trial court dismissing his "Petition for Review of Suspension of Driving Privilege" in one point relied on. Finding no merit to Carter's point, we deny the same and affirm the judgment of the trial court.

### Factual and Procedural Background

On February 14, 2018, Carter was arrested for driving while intoxicated (along with multiple other charges). A blood sample showed Carter's blood alcohol content at 0.166 percent. Thereafter, Carter received notice from the Director of Revenue (the "DOR") that his commercial driver's license ("CDL") and base driving privileges would be suspended. He requested an

administrative hearing before the DOR, pursuant to section 302.530,[1] which was conducted on September 4, 2018.

The hearing officer sustained the suspension. On September 5, 2018, the DOR mailed to Carter, and his attorney, a notice reflecting the hearing officer's decision to Carter and his attorney.[2] The notice contained a "**FINAL ORDER COVER SHEET**," which, in relevant part, recites:

> Enclosed is the outcome of your hearing. **Your privilege to drive a Class A, B or C motor vehicle will be disqualified on October 07, 2018**. **Your base privilege (Class E, F or M) to drive will be suspended on September 20, 2018**, for 30 days followed by a 60 day restricted driving period. If your privilege to drive was suspended before your hearing, you have been given credit for that time.
>
> You may be eligible for an immediate restricted driving privilege if you install an approved ignition interlock device. The restricted driving privilege will not allow you to drive a Class A, B or C motor vehicle during your disqualification period. See Restricted Driving Privilege Information on the back of this letter.
>
> To reinstate your privilege to drive, send the REINSTATEMENT REQUIREMENTS listed on the back of this letter to the Driver License Bureau, PO Box 200, Jefferson City, MO 65105-0200, before your suspension or revocation period ends. For complete reinstatement information visit our website at http://dor.mo.gov/drivers/ or call (573) 526-2407.
>
> Please read all enclosed information carefully. If you have any questions, please contact our office.

---

[1] All references to section 302.530 are to RSMo Cum.Supp. 2012.

[2] Some confusion in this matter derives from the fact that the pages in Exhibit A (reflecting the notices from the DOR) are out of order. The portion of the exhibit marked page one is a certification from the Custodian of Records of the Missouri Department of Revenue that the documents contained therein are true and accurate copies. Page two is a letter styled "Notice of Disqualification of Your Driving Privilege From Operating Class A, B and/or C Commercial Motor Vehicle." Pages three and four contain the Missouri Department of Revenue's "Findings of Fact and Conclusions of Law" from Carter's administrative hearing, but page three appears to be the second page of the order, while page four appears to contain the first page. Page five is the cover letter for administrative order, which (presumably) should come before the administrative order. Page six concerns "Restricted Driving Privilege Requirements"; it is not clear whether this was the original location of that page. The record reflects that Exhibit A is a certified copy (prepared by the DOR), and neither party expresses concern with this issue (or even takes notice). With no other route advised or requested by the parties, we proceed, treating Exhibit A for its value as extant, and to the extent our discernment affords.

The hearing officer's "Findings of Fact and Conclusions of Law" (also mailed to Carter and his attorney as part of the notice), directed in relevant part that Carter's "privilege to drive in the state of Missouri is hereby suspended as authorized and required by Sections 302.505[3] and 302.525[.]"[4] Following directly after and on the same page, the hearing officer indicated that the "Date of Mailing to Petitioner" was September 5, 2018, and that the "Date of Suspension" was "September 20, 2018." A "**NOTICE**" at the bottom of the same page stated:

> If you do not agree with the decision made by the department, you may file a petition for Trial DeNovo in the Circuit Court in the county of arrest. You must file the petition with the court by the effective date of your suspension/revocation.

> The Administrative Decision is independent of any criminal charges resulting from this arrest. Your license may be suspended or revoked based upon points assessed if you are convicted of a criminal charge.

The notice also contained a "**Notice of Disqualification of Your Driving Privilege From Operating Class A, B and/or C Commercial Motor Vehicle**," which indicated, in relevant part, as follows:

> On **October 07, 2018**, [y]our privilege to drive a commercial motor vehicle will be disqualified for one year based on the outcome of your administrative hearing for driving with a blood alcohol content which exceeded the legal limits. (Sections 302.700 and 302.755, RSMo)[.]

> This disqualification will end at midnight **October 07, 2019**. At the end of your disqualification, our office will issue a notice that your commercial driving privilege has been restored, provided you are not suspended, revoked, cancelled, disqualified or denied a license for any other reason.

> When your commercial driving privilege is restored, you must take the complete commercial driver license examination if you wish to reapply for a Class A, B or C driver license. You must also reinstate your base driving privilege (Class E, F or M) in order to take the CDL test.

---

[3] All references to section 302.505 are to RSMo Cum.Supp. 2001.

[4] All references to section 302.525 are to RSMo Cum.Supp. 2017.

This is the final decision of the Director of Revenue. You have 30 days from September 05, 2018, to appeal this decision to the circuit court in your county of residence. (Section 302.311, RSMO)[.]

On September 21, 2018, Carter filed a "Petition for Review of Suspension of Driving Privilege" in the Circuit Court of Mississippi County, Associate Division. Carter's petition asserted that his "privilege to drive a motor vehicle in Missouri will be suspended effective October 7, 2018," and that "pursuant to Section 302.311,[5] . . . [Carter] requests an appeal of the suspension of his driving privilege." The Director filed an answer, denying Carter's latter averment. Thereafter, the Director filed a motion to dismiss Carter's petition arguing Carter "did not file a petition for trial de novo within fifteen days as required by § 302.530.6," and therefore "failed to exhaust his administrative remedies in the manner expressly provided by the review procedures of Mo. Rev. Stat. §§ 302.500-302.540[6] and is therefore precluded from judicial review."

The trial court heard arguments on the DOR's motion to dismiss on November 27, 2018, and granted the motion. This appeal followed.

**Standard of Review**

On appeal, our standard of review is well-settled. We must affirm the trial court's judgment unless: (1) there is no substantial evidence to support it; (2) it is against the weight of the evidence; (3) the trial court erroneously declared the law; or (4) the trial court erroneously applied the law.

***Owen v. Dir. of Revenue***, 256 S.W.3d 605, 608 (Mo.App. S.D. 2008).

**Analysis**

In his point relied on, Carter argues as follows:

The trial court erred by dismissing appellant's trial de novo right to hearing because section 302.311, RSMo. and/or Section 302.530.7, RSMo. were controlling[,] not section 302.530.6, RSMo. as the notice was conflicting and therefore appellant's due process rights were denied.

---

[5] All references to section 302.311 are to RSMo 2000.

[6] All references to sections 302.500-540 are to RSMo Cum.Supp. 2017.

Carter's argument section essentially bifurcates his claim as follows: (1) sections 302.530.6 & .7 conflict, section 302.530.6 controls, and the trial court was therefore in error when it dismissed his petition; and (2) "the Department's Notice is conflicting" because it includes language to the effect that the deadline for Carter's appeal for trial *de novo* was "30 days from September 05, 2018" but also "by the effective date of your suspension/revocation," and is defective because "no where [sic] does the NOTICE state Driver has fifteen (15) days to appeal."

Carter's first argument presumes a conflict, asserts the outcome of applying subsection 6 would be "unreasonable or absurd," and thereby concludes that "the logical construction is for subsection 7 which gives the Driver 15 days from 'receipt of the decision to appeal' and, thus, assures delays in mail do not denigrate or destroy his due process rights." The contested portion of section 302.530 states:

> 6. The department shall promptly notify the person of its decision including the reasons for that decision. Such notification shall include a **notice advising the person that the department's decision shall be final within fifteen days <u>from the date such notice was mailed</u>** unless the person challenges the department's decision within that time period by filing an appeal in the circuit court in the county where the arrest occurred.
>
> 7. Unless the person, **within fifteen days <u>after being notified </u>of the department's decision**, files an appeal for judicial review pursuant to section 302.535, the decision of the department shall be final.

(Emphasis added).

We need not engage in a lengthy due process analysis,[7] policy discussion, or even delve into statutory interpretation—this is not an issue of first impression (as Carter impliedly presumes), but rather of *stare decisis*. Our Supreme Court explicitly delineates how subsections .6 and .7 are to be read together: "A person may challenge the department's decision by requesting judicial review in the form of a trial de novo within 15 days from the date notice of the department's

---

[7] This case does not present the question of "returned mail," or failure of notice to reach either Carter or his attorney.

5

decision was mailed. Section 302.530.6. If a person fails to request judicial review, the department's decision is final. Section 302.530.7." ***Strup v. Dir. of Revenue***, 311 S.W.3d 793, 797 n.4 (Mo. banc 2010).[8]

To that end, our Supreme Court recently clarified—in plain terms—that complaints as to the particulars of DOR notices are not a panacea for unfavorable outcomes:

> While a notice cannot mislead, parties are held to a knowledge of the law. Notice required by the Due Process Clause simply must ensure that the opportunity for a hearing is meaningful, so that once informed of an administrative action, the person can turn to public sources to learn about the remedial procedures available to him.[9] . . . [D]ue process does not require notice that some particular step must be taken or that certain procedure be followed; the opportunity afforded is to make a choice of whether to appear or default, acquiesce or contest. The director had no obligation to act as counsel to the driver[.]

---

[8] This interpretation has been consistently applied in our appellate courts. *See*, *e.g.*, ***Baber v. Dir. of Revenue***, 317 S.W.3d 680, 682 (Mo.App. W.D. 2010); ***Barbeau v. Dir. of Revenue***, 230 S.W.3d 659, 660 (Mo.App. E.D. 2007). Treatment of other portions of chapter 302 are, in relevant part, consistent with this interpretation. *See*, *e.g.*, ***Session v. Dir. of Revenue***, 417 S.W.3d 898, 905–06 (Mo.App. W.D. 2014); ***Danner v. Dir. of Revenue***, 919 S.W.2d 285, 286–87 (Mo.App. W.D. 1996); ***Tabaka v. Dir. of Revenue***, 876 S.W.2d 816, 817 (Mo.App. S.D. 1994).

Further, this interpretation accords with 12 CSR 10-24.030, which in relevant part states:

> (7) Subsequent to the hearing, the director shall render a final decision separately stating findings of fact and conclusions of law. The party and the attorney of record shall be mailed copies of the findings of fact and conclusions of law by regular mail.
>
> . . . .
>
> (10) The party aggrieved by the decision of the director may appeal to the circuit court of the county in which the arrest occurred. This appeal must be filed within fifteen (15) days after the date of the final decision of the director.

[9] One such "public source"—available at the time of the events underlying this appeal—touches the issue at the heart of Carter's challenge rather pointedly (and accurately):

> The appeal deadline is quick (15 days) and final (train the staff!). The petition of appeal for judicial review pursuant to section 302.535, also known as petition for trial de novo, must be filed within that 15-day period or the decision of the Missouri Department of Revenue at the administrative hearing shall be final. The period referred to in this statute begins to run on date of the mailing of administrative decision. The attorney needs to have the client not miss this deadline! Have everyone in the office well-versed in the rule . . . . Err on the side of filing the appeal[.]

42 Mo. Prac., Missouri DUI Handbook, § 13:17 (3rd ed.) (internal footnotes omitted).

*Carvalho v. Director of Revenue*, SC97394, 2019 WL 1247086, \*8 (Mo. banc Mar. 19, 2019) (internal quotations and citations omitted).  Carter's argument in this vein must fail.

We proceed to Carter's notice challenges—*i.e.*, that Carter is entitled to relief because (1) "no where [sic] does the NOTICE state Driver has fifteen (15) days to appeal"; and (2) there was conflicting language in the Notice in that it suggested both that Carter must file an appeal "30 days from September 05, 2010," and also "by the effective date of your suspension/revocation."

A circuit court lacks authority to treat the merits of a petition for trial *de novo* (as Carter's) "filed out of time after a hearing officer's decision regarding suspension of driving privileges." *Gehrs v. Director of Revenue*, 965 S.W.2d 360, 361 (Mo.App. E.D. 1998).  Where petitioner files out of time, "[i]n order to prove that the trial court had authority to proceed pursuant to section 302.311, [petitioner must] establish that a procedural defect caused by the Department rendered judicial review under section 302.535 unavailable." *Folkedahl v. Dir. of Revenue*, 307 S.W.3d 238, 241 (Mo.App. W.D. 2010).  Before relief may follow, petitioner must demonstrate that the "statutory prerequisites [incumbent on DOR] were not met." *Id.* at 242.

As to Carter's assertion that "no where [sic] does the NOTICE state Driver has fifteen (15) days to appeal,"[10] we observe the terminal paragraph of the administrative hearing officer's "Findings of Fact and Conclusions of Law":  "Petitioner's privilege to drive in the state of Missouri is hereby suspended as authorized and required by Sections 302.505 and 302.525, RSMo."  The first two sentences of the "**NOTICE,**" positioned directly after the administrative hearing officer's "Findings of Fact and Conclusions of Law," state:  "If you do not agree with the decision made by the department, you may file a petition for Trial DeNovo in the Circuit Court in the county of arrest.  You must file the petition with the court by the effective date of your

---

[10] Our treatment of this issue should not be read to accede that Carter's argument, so stated, would necessarily warrant relief.  Explicitly, we need not (and do not) reach that issue.

suspension/revocation."  Any possible confusion as to the import of this language is alleviated in the "Final Order Cover Sheet," which states:  "**Your base privilege (Class E, F or M) to drive will be suspended on September 20, 2018**[,]" which was fifteen days after the DOR mailed the notice to Carter and his attorney (*i.e.*, September 5, 2018). (Emphasis added).

Carter also argues that there was a conflict between language in the notice, in that it suggested both that Carter must file an appeal "30 days from September 05, 2018," and "by the effective date of your revocation."  We are not persuaded.[11]

The "30 days from September 05, 2018" language is approximately three inches below the title of that portion of the notice, which correctly signals its import:  "**Notice of Disqualification of Your Driving Privilege From Operating Class A, B and/or C Commercial Motor Vehicle**." (Emphasis in original).  All discussion on that page refers to Carter's CDL, except the necessary proviso that:  "You must also reinstate your base driving privilege (Class E, F or M) in order to take the CDL test."  The "by the effective date of your revocation" language, delineated more fully *supra*, is also correct.  As clearly stated in the first and second sentences of the "Final Order Cover Sheet":  "Your privilege to drive a Class A, B or C motor vehicle will be disqualified on October 7, 2018.  Your base privilege (Class E, F or M) to drive will be suspended on September 20, 2018[.]"  Carter was, as the notice indicated, responsible for filing a petition for trial *de novo* on his CDL by October 7, 2018, and his base privilege by September 20, 2018.  He filed a petition for trial *de novo* for his CDL privileges on September 21, 2018, but failed to file for his base privileges.  Controlling statutes, regulations, and case law enjoin relief in such instance, and compel our instant disposition.  The trial court did not err in dismissing Carter's petition, and his point is therefore denied.

---

[11] The substance of note 10 applies equally to our treatment of Carter's conflict argument.

The judgment of the trial court is affirmed.

WILLIAM W. FRANCIS, JR., J. - OPINION AUTHOR

GARY W. LYNCH, P.J. - CONCURS

NANCY STEFFEN RAHMEYER, J. - CONCURS