**Darrell J. FICK, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. SC 88501.**

Supreme Court of Missouri, En Banc.

Dec. 18, 2007.

Jeremiah W. (Jay) Nixon, Atty. Gen., Nicole L. Loethen, Asst. Atty. Gen., Jefferson City, for Appellant.

Darrell Fick, Grover, pro se.

PER CURIAM.[1]

### Overview

The director of revenue received a report that Darrell Fick refused to submit to a blood test after being arrested for driving while intoxicated. Pursuant to statute, the director revoked Fick's driving privileges. Fick sought judicial review. At the hearing, the director and Fick offered the testimony of the arresting officer. Fick also testified. The trial court found that the evidence did not show that the officer had sufficient grounds to conclude Fick was driving in an intoxicated condition or that Fick knowingly refused the test. It entered judgment ordering Fick's driving privileges reinstated. That judgment is reversed.

### Facts

Fick had a motor vehicle accident. There were no passengers. The respond-

---

1. The Court of Appeals, Western District, transferred this case after an opinion by that Court. This Court has jurisdiction. *Mo. Const. article V, section 10.*

ing officer determined that Fick failed to negotiate the curve, drove off the side of the road, and struck a culvert, causing Fick's truck to overturn. Fick was injured, and emergency personnel were already present.

The officer smelled a moderate odor of intoxicants coming from Fick. The truck contained an empty 12–pack of beer. The debris field contained an unopened, cold can of beer. When asked, Fick stated he had consumed three beers.

Because of the injuries, the officer administered only a partial horizontal gaze nystagmus test. At the time of the test, Fick was strapped to a backboard and was receiving oxygen through a facemask. The officer determined from his partial test of Fick's left eye that Fick lacked smooth pursuit and there was nystagmus at maximum deviation.

In light of the foregoing, the officer concluded Fick was intoxicated. The officer told Fick he was under arrest for driving while intoxicated, read him the implied consent law, requested that Fick consent to a chemical test of his blood, and notified Fick that a refusal to consent would result in a revocation of his driver's license. When questioning Fick, the officer concluded the answers were not inappropriate and that Fick understood the questions asked, although the answers were short and choppy. When the officer asked Fick if he would take the test, Fick replied, "No."

With respect to the arrest, the officer did not handcuff Fick because he was strapped to a backboard. The officer also did not give Fick any document giving notice of the refusal.

Having heard this evidence, the trial court ordered the director to reinstate Fick's license. The court noted the license had expired, so it did not require reinstatement until completion of proper testing. The court noted the limited testing by the officer, the lack of clear evidence of alcohol consumption in the "field of debris," the use of oxygen, which indicated the smell of intoxicants did not come from Fick's breath, and the lack of evidence that Fick understood he was under arrest. The trial court concluded there were not reasonable grounds to believe Fick was driving while intoxicated.

## Standard of review

■■■ In this court-tried case, the standard of review is that of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). This Court will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. Id. at 32. If the facts of a case are contested, then this Court defers to the trial court's determinations regarding those facts. *Hinnah v. Dir. of Revenue*, 77 S.W.3d 616, 620 (Mo. banc 2002). If the facts are not contested, then the issue is legal and there is no finding of fact to which to defer.[2] *Id.*

■■■ In a proceeding in which a person's driver's license is revoked for refusing to submit to a chemical test, the trial court shall determine only whether: (1) the person was arrested; (2) the arresting officer had reasonable grounds to believe that the person was driving while intoxicated; and (3) the person refused to submit to the

**2.** The trial court did not contest the officer's testimony, but drew certain conclusions from that evidence. To the extent the trial court concluded the oxygen mask prevented the officer from determining that the smell of intoxicants came from Fick's breath, the evidence did not relate to Fick's breath. The officer merely testified that the odor came from Fick.

test.[3] *Berry v. Director of Revenue*, 885 S.W.2d 326, 327 (Mo. banc 1994).

## Discussion

■ There is no real dispute that Fick was arrested. The trial court did consider whether Fick knew he was arrested.

The arresting officer had reasonable grounds to believe that Fick was driving while intoxicated. The officer knew there was a one-vehicle accident caused by the failure to make a turn and that there were no passengers. He knew that the truck contained an empty 12–pack of beer; that a cold, unopened can of beer was in the field of debris; that there was an odor of intoxicants coming from Fick; and that Fick admitted drinking three beers. The officer administered a partial test of Fick's left eye and determined that Fick lacked smooth pursuit and there was nystagmus at maximum deviation. The officer noted Fick's condition and his short and choppy answers. This evidence is sufficient to establish that the officer had reasonable grounds to believe Fick was driving while intoxicated.

■ With respect to whether Fick knowingly refused the test, there is no requirement that the refusal be knowing. In *Cartwright v. Director of Revenue*, 824 S.W.2d 38, 41 (Mo.App.1991), the court applied an objective test, holding that Cartwright's testimony that he did not remember talking to the officer or refusing to take a test was immaterial to whether he refused. This Court adopted that test in *Berry v. Director of Revenue*, 885 S.W.2d 326, 327–28, (Mo. banc 1994).

In this case, Fick testified he could not remember any events at the scene of the accident. The officer testified that Fick's answers to questions by the emergency personnel were not inappropriate or bizarre or showed a lack of understanding. He also testified that Fick seemed to understand the information he was giving him concerning the request to submit to the test. Applying the objective test of *Cartwright*, there was no evidence in the record to support a finding that Fick did not refuse the test. Similarly, there was no evidence in the record to support a finding that Fick did not know he was under arrest.

## Conclusion

The judgment of the trial court is unsupported by substantial evidence and is reversed.

STITH, C.J., PRICE, TEITELMAN, LIMBAUGH, RUSSELL and WOLFF, JJ., and GRADY, Sp.J., concur.

BRECKENRIDGE, J., not participating.

---

**3.** There is no evidence Fick was under the age of 21 years. *See section 577.041, RSMo Supp.* 2006.