Michael **STRUP**, Respondent,

v.

**DIRECTOR OF REVENUE**, Appellant.

No. SC 90403.

Supreme Court of Missouri,
En Banc.

April 20, 2010.

James R. Layton, Attorney General's Office, Jefferson City, for appellant.

Lauri J. Laughland, Law Office of Lauri J. Laughland, Grandview, for respondent.

ZEL M. FISCHER, Judge.

## I. Introduction

The director of revenue appeals the circuit court's judgment ordering the director to reinstate Michael Strup's commercial driving privilege. The director disqualified Strup's commercial driving privilege for one year because Strup was arrested upon probable cause to believe that he was driving while intoxicated with a blood alcohol content of .08% or more. Strup filed a petition for review, and, after a hearing, the circuit court ordered the director to reinstate Strup's commercial driving privilege, finding that Strup's due process rights were violated because he did not receive a pre-disqualification hearing and because there was no legal basis to sustain the disqualification.

On appeal, the director argues: (1) Strup's due process rights were not violated because he received a post-disqualification hearing and (2) the suspension of Strup's base driving privilege supports the disqualification of his commercial driving privilege. This Court determines that Strup's post-disqualification hearing satisfies due process and that the director did not err in disqualifying Strup's commercial driving privilege because Strup was arrested upon probable cause to believe that he was driving while intoxicated with a blood alcohol concentration level of .08% or more, which constitutes a "conviction" for the purposes of disqualification under the Missouri commercial driver's license act. The circuit court's judgment ordering reinstatement of Strup's commercial driving privilege is reversed.

## II. Facts

The parties agree that the facts of this case are not in dispute. In June 2006, Strup had a base driving privilege and a commercial driving privilege. On July 22, 2006, Strup was arrested for driving while intoxicated. The criminal charges against Strup were eventually dropped.

On August 23, 2006, the director notified Strup that his commercial driving privilege would be disqualified for one year because of his arrest for driving while intoxicated. On September 21, 2006, Strup filed a petition in circuit court requesting review, under section 302.311, RSMo 2000, of the disqualification of his commercial driving privilege, complaining that the disqualification was made without a hearing or the opportunity to present or cross-examine witnesses.

Strup also timely requested an administrative hearing regarding the suspension of his base driving privilege. The hearing regarding Strup's base driving privilege was held September 27, 2006. The next day, the hearing officer sustained the suspension of Strup's base driving privilege. Also on September 28, 2006, the director notified Strup that, as a result of the administrative suspension of his base driving privilege, his commercial driving privilege would be disqualified for one year.

On October 13, 2006, Strup timely filed a petition in circuit court requesting de novo review of the suspension of his base driving privilege. On October 27, 2006, Strup filed a second petition in circuit court requesting review under section 302.311 of the disqualification of his commercial driving privilege. These petitions were consolidated, and, on November 9, 2007, the circuit court held a hearing regarding all pending matters.

After the consolidated hearing, the circuit court entered judgment for the director determining Strup's base driving privilege was properly suspended because he was arrested upon probable cause to believe that he was driving with a blood alcohol concentration of .08% or more. Concerning Strup's commercial driving privilege, the circuit court ordered the director to remove the disqualification concluding that Strup's due process rights were violated in that he had no opportunity to present evidence and that the director's decision to disqualify his base driving privilege was contrary to chapter 302.

Strup did not appeal the judgment affirming the suspension of his base driving privilege. The director timely appealed the judgment reversing the disqualification of Strup's commercial driving privilege.[1]

1. Strup could not legally drive a commercial vehicle without his base privilege, but the continuing significance of his effort to affirm the trial court's judgment setting aside the disqualification of his commercial driving privilege is that if he receives another qualify-

## III. Point One: Strup's due process rights were not violated because he received a full post-disqualification hearing

The director claims the circuit court erred in concluding Strup's due process rights were violated because Strup's due process right was satisfied when he received a full post-disqualification hearing.

### Standard of Review

In reviewing a decision of a trial court, the trial court's ruling must be upheld unless it is unsupported by substantial evidence, is against the weight of evidence, or misstates or misapplies the law. *Fick v. Dir. of Revenue*, 240 S.W.3d 688, 690 (Mo. banc 2007). This Court will not affirm a circuit court judgment that erroneously declares or applies the law. *Id.* Moreover, "[t]his Court's review must begin with the recognition that laws enacted by the legislature and approved by the governor have a strong presumption of constitutionality." *Jackson County Sports Complex Authority v. State*, 226 S.W.3d 156, 160 (Mo. banc 2007). The burden of proof rests on a statute's challenger to demonstrate otherwise. *Id.*

### Analysis

Due process applies to the suspension/revocation of driver's licenses by the state. *Jarvis v. Dir. of Revenue*, 804 S.W.2d 22, 24 (Mo. banc 1991) (citing *Dixon v. Love*, 431 U.S. 105, 112, 97 S.Ct. 1723, 52 L.Ed.2d 172 (1977)). Generally speaking, due process requires notice and the opportunity to be heard. *Conseco Fin. Servicing Corp. v. Missouri Dep't of Revenue*, 195 S.W.3d 410, 415 (Mo. banc 2006). In *Dixon*, the United States Supreme Court held that due process does not al-

ways require an opportunity to be heard *before* a state suspends/revokes a person's driver's license based on objective statutory criteria involving public safety, so long as a full post-suspension/revocation hearing is available to challenge the suspension/revocation. *Dixon*, 431 U.S. at 115, 97 S.Ct. 1723.

The circuit court reversed the disqualification of Strup's commercial driving privilege because Strup did not receive a hearing before the director disqualified his privilege:

> [Because] the September 28, 2006[,] 'final decision' of the [d]irector ... appealed from herein was rendered without any hearing, evidence, or opportunity to present evidence, the decision was ... a denial of due process.

As noted above, in a driver's license suspension/revocation case, due process does not require the opportunity to be heard before a suspension/revocation so long as a full post-suspension/revocation hearing is available. *Id.* That due process analysis logically applies to the disqualification of commercial driving privileges. Strup received a full post-disqualification hearing in circuit court in November 2007; therefore, his due process rights were not violated.

## IV. Point Two: Strup's commercial driver's privilege was properly disqualified

The director contends the trial court erred in ordering the removal of the disqualification of Strup's commercial driving privilege because the suspension of his base driving privilege constitutes a "conviction" for the purposes of Missouri's Commercial Driver's License Act

---

ing violation and a future disqualification of his commercial privilege, the disqualification would be for a minimum of ten years and possibly for life. Section 302.755.3, RSMo Supp.2009.

("CDLA"), which permits the director to disqualify a driver's commercial privilege if he or she is "convicted" of a qualifying first violation.

## Standard of Review

In reviewing a decision of a trial court, the trial court's ruling must be upheld unless it is unsupported by substantial evidence, is against the weight of evidence, or misstates or misapplies the law. *Fick*, 240 S.W.3d at 690. This Court will not affirm a circuit court judgment that erroneously declares or applies the law. *Id.*

## Analysis

The director claims the circuit court erred in ordering her to remove the one-year disqualification of Strup's commercial driving privilege because the requirements of chapter 302 were satisfied. The director contends the suspension of Strup's base driving privilege based on his arrest upon probable cause that he was driving with a blood alcohol content of .08% or more constitutes a "conviction;" therefore,

it is a first violation meriting disqualification of his commercial driving privilege pursuant to the CDLA for a period of not less than one year.

■ The facts here show that Strup received notice his base driving privilege was suspended[2] and that Strup requested and received a hearing. The hearing officer subsequently sustained the suspension of Strup's base driving privilege, finding that Strup was arrested upon probable cause that he was driving with a blood alcohol concentration of .08% or more.[3] Strup then requested a trial de novo, after which the circuit court upheld the director's decision to suspend Strup's base driving privilege.[4] Strup did not appeal the circuit court's decision to uphold the suspension of his base driving privilege; therefore, that suspension is final.

■ Under the CDLA, a person is disqualified from driving a commercial motor vehicle for a period of not less than one year if *"convicted"* of a first violation.

2. Section 302.505.1, RSMo Supp.2001, states that the department of revenue "shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe such person was driving a motor vehicle while the alcohol concentration in the person's blood, breath, or urine was eight-hundredths of one percent or more by weight...." When a law enforcement officer arrests any person for driving while intoxicated, that officer "shall forward to the department a certified report of all information relevant to the enforcement action...." Section 302.510.1, RSMo Supp. 2005. When the department receives this report, it is required to make a determination whether to suspend or revoke that person's license on the basis of that report, and that determination is final unless an administrative hearing is requested and held. Section 302.505.2.

3. A person has 15 days to request an administrative hearing. Section 302.530.1, RSMo Supp.2005. When an administrative hearing

is requested and held, the department reviews the matter and makes a final determination based on the evidence received at the hearing. Section 302.505.2. The sole issue at the administrative hearing is whether there is a preponderance of the evidence that the person was arrested on probable cause to believe he was driving with a blood, breath or urine alcohol concentration of .08% or more. Sections 302.530.4 and 302.505.1. If the department finds "the affirmative of this issue, the suspension or revocation order shall be sustained." Section 302.530.4. A person who has participated in an administrative hearing is entitled to prompt notice of the post-hearing decision. Section 302.530.6.

4. A person may challenge the department's decision by requesting judicial review in the form of a trial de novo within 15 days from the date notice of the department's decision was mailed. Section 302.530.6. If a person fails to request judicial review, the department's decision is final. Section 302.530.7.

Section 302.755.1, RSMo Supp.2005 (emphasis added). The CDLA defines "conviction" as "an unvacated adjudication of guilt, including pleas of guilt and nolo contendre, or *a determination that a person has violated or failed to comply with the law in* a court of original jurisdiction or *an authorized administrative proceeding* ...." Section 302.700.2(8), RSMo Supp. 2005 (emphasis added).

One of the first violations that establishes a "conviction" and merits disqualification under the CDLA is "[d]riving a motor vehicle under the influence of alcohol ...." Section 302.755.1(1). "Driving under the influence of alcohol" is defined in the CDLA to include "[h]aving any state, county or municipal alcohol-related enforcement contact, as defined in subsection 3 of section 302.525 ...." Section 302.700.2(13)(e). "Alcohol-related enforcement contact" includes "any suspension or revocation under sections 302.500 to 302.540 ...." Section 302.525.3, RSMo Supp.2002.

The circuit court erred in reversing the disqualification of Strup's commercial driving privilege because the suspension of Strup's base driver's license constitutes a conviction of driving under the influence of alcohol for the purposes of the CDLA, which is a first violation that merits disqualification of a person's commercial driver's privilege for a period of not less than one year.

## V. Conclusion

The judgment of the circuit court is reversed and the disqualification of Strup's commercial driving privilege is reinstated.

All concur.