Steven J. BABER, Respondent,

v.

DIRECTOR OF REVENUE, STATE of Missouri, Appellant.

No. WD 71620.

Missouri Court of Appeals, Western District.

Aug. 17, 2010.

Jonathan H. Hale, Jefferson City, MO, for appellant.

Jeffrey S. Eastman, Gladstone, MO, for respondent.

Before JAMES M. SMART, JR., P.J., MARK PFEIFFER and CYNTHIA L. MARTIN, JJ.

JAMES M. SMART, JR., Judge.

The Director of Revenue appeals the reversal of the disqualification of Steven Baber's commercial driving privilege. The sole point on appeal asserts the director proved a "conviction" as defined in section 302.700.2(8). The judgment is reversed.

### Facts

Steven Baber was the holder of a base driving privilege and a commercial driving privilege, Class A ("CDL"). In August 2008, he was arrested in Platte County, Missouri, for driving while intoxicated. Thereafter, the Director of Revenue ("the director") notified Baber of the pending suspension of his base driving privilege, conducted an administrative hearing regarding the proposed suspension, and notified Baber of the director's final decision to impose the suspension. The director notified Baber that his CDL would be disqualified for one year, effective November 26, 2008.

Baber timely filed a petition in Platte County seeking a trial de novo pursuant to section 302.535 on the base privilege suspension and review under section 302.311 of the CDL disqualification. The circuit court heard both matters in August 2009 and issued its judgment affirming the suspension of Baber's base privilege but reversing the disqualification of his CDL. As to Baber's CDL, the circuit court found that the director failed to prove a "conviction" as defined in section 302.700.2(8).

Baber does not appeal the suspension of his base privilege. The director appeals the circuit court's reversal of Baber's CDL disqualification.[1]

### Analysis

The director claims the circuit court erred in ordering the removal of the one-year disqualification of Baber's commercial driving privilege. The circuit court found that the director failed to show that Baber was "convicted" as defined in section 302.700.2(8). The director says the disqualification is required by section 302.755.1(1), because as a result of his arrest, Baber was "convicted" of a first violation of "driving under the influence of alcohol," as defined in section 302.700.2, subsections (8), (13)(b), (13)(c), and (13)(e).

### *Standard of Review*

"In this court-tried case, the standard of review is that of *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976)." *Fick v. Dir. of Revenue, State of Missouri,* 240 S.W.3d 688, 690 (Mo. banc 2007). "This Court will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law." *Id.* "As long as the trial court's judgment is supported by substantial evidence, the appellate court will affirm the judgment, re-

---

1. Baber may not legally drive a commercial vehicle without his base privilege, but the continuing significance of the circuit court's judgment setting aside the disqualification of his commercial driving privilege is that if the disqualification is not set aside and he re-ceives a qualifying violation and a future disqualification of his commercial privilege, the disqualification would be for a minimum of ten years and possibly for life. Section 302.755.3, RSMo Supp.2009.

gardless of whether the appellate court would have reached the same result." *Martin v. Dir. of Revenue,* 248 S.W.3d 685, 687 (Mo.App.2008). "But if the evidence is uncontroverted or admitted, so that the real issue is a legal one as to the legal effect of the evidence, there is no need to defer to the circuit court's judgment." *Id.* Here, the circuit court determined that Baker's due process rights were violated, and for that reason directed that the disqualification of his CDL privilege be set aside and his privilege restored. Because the issue is strictly a matter of law, we review the ruling *de novo. Id.*

### Base Driving Privilege

Section 302.505.1, RSMo Supp.2001, states that the department of revenue "shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe such person was driving a motor vehicle while the alcohol concentration in the person's blood, breath, or urine was eight-hundredths of one percent or more by weight." When a law enforcement officer arrests any person for driving while intoxicated, that officer "shall forward to the department a certified report of all information relevant to the enforcement action." Section 302.510.1, RSMo Supp. 2005. When the department receives this report, it is required to make a determination whether to suspend or revoke that person's license on the basis of that report, and that determination is final unless an administrative hearing is requested and held. Section 302.505.2.

A person has fifteen days to request an administrative hearing. Section 302.530.1, RSMo Supp.2005. When an administrative hearing is requested and held, the department reviews the matter and makes a final determination based on the evidence received at the hearing. Section 302.505.2. The sole issue at the administrative hearing is whether there is a preponderance of the evidence that the person was arrested on probable cause to believe he was driving with a blood, breath, or urine alcohol concentration of .08% or more. Sections 302.530.4 and 302.505.1. If the department finds "the affirmative of this issue, the suspension or revocation order shall be sustained." Section 302.530.4. A person who has participated in an administrative hearing is entitled to prompt notice of the post-hearing decision. Section 302.530.6.

A person may challenge the department's decision by requesting judicial review in the form of a trial *de novo* within fifteen days from the date notice of the department's decision was mailed. *Id.* If a person fails to request judicial review, the department's decision is final. Section 302.530.7.

### Commercial Driving Privilege

Under Missouri's Commercial Driver's License Act ("CDLA"), a person is disqualified from driving a commercial motor vehicle for a period of not less than one year if *"convicted"* of a first violation. Section 302.755.1, RSMo Supp.2005 (emphasis added). The CDLA defines "conviction" as "an unvacated adjudication of guilt, including pleas of guilt and nolo contendre, or *a determination that a person has violated or failed to comply with the law in* a court of original jurisdiction or *an authorized administrative proceeding."* Section 302.700.2(8), RSMo Supp.2005 (emphasis added).

In *Strup v. Director of Revenue,* 311 S.W.3d 793, 795 (Mo. banc 2010), Strup had both a base driving privilege and a commercial driving privilege. Strup was arrested for driving while intoxicated, though the criminal charges against him

were eventually dropped. *Id.* After a hearing officer sustained the suspension of Strup's base driving privilege, the director notified him that, "as a result of the administrative suspension of his base driving privilege, his commercial driving privilege would be disqualified for one year." *Id.* Strup sought review of the suspension of his base driving privilege and the disqualification of his commercial driving privilege. *Id.*

The circuit court found that Strup's base driving privilege was properly suspended. *Id.* "Concerning Strup's commercial driving privilege, the circuit court ordered the director to remove the disqualification concluding that Strup's due process rights were violated in that he had no opportunity to present evidence and that the director's decision to disqualify his base driving privilege was contrary to chapter 302." *Id.* "Strup did not appeal the judgment affirming the suspension of his base driving privilege." *Id.* "The director timely appealed the judgment reversing the disqualification of Strup's commercial driving privilege." *Id.*

The Missouri Supreme Court found that Strup's due process rights were not violated. *Id.* at 796. Its analysis about whether Strup's commercial driving privilege was properly disqualified directly impacts the analysis as to Baber. On appeal, the director argued that the suspension of Strup's base driving privilege constituted a "conviction" for the purposes of CDLA, which permits the director to disqualify a driver's commercial privilege if he or she is "convicted" of a qualifying first violation. *Id.* at 796–97. The court noted that because Strup did not appeal the decision to uphold the suspension of his base driving privilege, that suspension was final. *Id.* at 797.

"One of the first violations that establishes a 'conviction' and merits disqualification under the CDLA is '[d]riving a motor vehicle under the influence of alcohol....'" *Id.* (*citing* section 302.755.1(1), RSMo Supp.2005). "'Driving under the influence of alcohol' is defined in the CDLA to include [h]aving any state, county or municipal alcohol-related enforcement contact, as defined in subsection 3 of section 302.525...." *Id.* (*citing* section 302.700.2(13)(e), RSMo Supp.2005). "'Alcohol-related enforcement contact' includes "any suspension or revocation under sections 302.500 to 302.540...." *Id.* (*citing* section 302.525.3, RSMo Supp.2002).

The Missouri Supreme Court held: "The circuit court erred in reversing the disqualification of Strup's commercial driving privilege because the suspension of Strup's base driver's license constitutes a conviction of driving under the influence of alcohol for the purposes of the CDLA, which is a first violation that merits disqualification of a person's commercial driver's privilege for a period of not less than one year." *Id.*

Both parties recognize that *Strup* addresses the issues raised with respect to Baber's CDL. In response to the holding of *Strup v. Director of Revenue*, Baber's counsel declined to file a brief with this court. Similarly, the Department of Revenue waived oral argument in response to *Strup v. Director of Revenue* and Baber's resulting decision not to file a brief. As in *Strup*, the circuit court erred in reversing the disqualification of Baber's commercial driving privilege, because the suspension of Baber's base driver's license constitutes a conviction of driving under the influence of alcohol for the purposes of the CDLA, which is a first violation that merits disqualification of a person's commercial driver's privilege for a period of not less than one year.

## Conclusion

The trial court erred in setting aside the disqualification of Baker's Commercial

Driver's License privilege. The judgment is reversed, resulting in the reinstatement of the disqualification of his CDL privilege.

All concur.