# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAVID W. CRAFT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. K20M-10-034 NEP |
| | ) | |
| JANA SIMPLER, Director, | ) | |
| Division of Motor Vehicles, | ) | |
| Respondent. | ) | |

Submitted: July 28, 2022
Decided: October 14, 2022

## MEMORANDUM OPINION AND ORDER

***Upon Cross-Motions for Summary Judgment on Petitioner's Petition for a Writ of Mandamus***

*Petitioner's Motion for Summary Judgment*
**DENIED**

*Respondent's Motion for Summary Judgment*
**GRANTED**

James M. Stiller, Jr., Esquire, Schwartz & Schwartz, Dover, Delaware, *Attorney for Petitioner*.

Bradley S. Eaby, Esquire, Deputy Attorney General, Department of Justice, Dover, Delaware, *Attorney for Respondent*.

**Primos, J.**

**INTRODUCTION**

In Delaware, a driver is required to have a commercial driver license ("CDL") in order to operate certain commercial motor vehicles. CDLs are regulated by the Uniform Commercial Driver License Act (hereinafter the "UCDLA"), codified as 21 *Del. C.* §§ 2601-2626. The UCDLA provides that a CDL holder is disqualified from driving a commercial motor vehicle "for life if convicted of 2 or more violations" of a variety of offenses, including driving under the influence of alcohol, "arising from 2 or more separate incidents."[1] The UCDLA also defines "conviction" as follows:

> "Conviction" means an unvacated adjudication of guilt, or **a determination that a person has violated or failed to comply with the law** in a court of original jurisdiction or by **an authorized administrative tribunal**, an unvacated forfeiture of bail or collateral deposited to secure the person's appearance in court, a plea of guilty or nolo contendere accepted by the court, the payment of a fine or court cost, or violation of a condition of release without bail, regardless of whether or not the penalty is rebated, suspended, or probated.[2]

The issue in this case is whether two findings by the Division of Motor Vehicles ("DMV") that probable cause existed to arrest petitioner for DUI offenses (hereinafter "probable cause findings") qualify as "convictions" within the meaning of the UCDLA. Petitioner offers two primary arguments for his contention that probable cause findings are not convictions within the meaning of the statute: 1) the DMV is not "an authorized administrative tribunal," and 2) the term "conviction" implies that proof beyond a reasonable doubt is required.[3] For the reasons set forth

---

[1] 21 *Del. C.* § 2612(b).

[2] 21 *Del. C.* § 2603(12) (emphasis supplied). This definition of conviction mirrors the definition of conviction used in the Federal Motor Carrier Safety Regulations. 49 C.F.R. § 383.5.

[3] Petitioner also argues that by interpreting the definition of conviction to include probable cause findings, the DMV has violated separation of powers principles embodied in the Delaware Constitution. Pet'r's Opening Br. in Support of Pet'r's Mot. for Summ. J. (D.I. 18) [hereinafter "Opening Br."] at 9–11, 13–16. However, an executive agency does not violate the separation of

2

below, the Court rejects both of these arguments and concludes that probable cause findings are convictions for which the DMV may revoke a driver's CDL for life.

## BACKGROUND AND PROCEDURAL HISTORY

The parties stipulated to all material facts in this case, summarized as follows.[4] David Craft (hereinafter "Petitioner"), while holding a CDL, was charged with Driving Under the Influence of Alcohol ("DUI") in May of 2012. His blood alcohol concentration ("BAC") was 0.188,[5] well over the 0.08 legal limit.[6] At Petitioner's request, the DMV scheduled an administrative hearing. However, upon Petitioner's failure to attend the hearing, the DMV found by default that probable cause existed for the arrest and for the DUI charge. Six months later, Petitioner was charged with a second DUI, and had a BAC of 0.181.[7] This time, he did not request an administrative hearing within the 15 days prescribed by statute,[8] and another probable cause finding was made by default. On the basis of these two probable cause findings, the DMV suspended Petitioner's CDL for life under 21 *Del. C.* § 2612(b).

Petitioner sought a Writ of Mandamus in this Court directing Dana Simpler, Director of the DMV (hereinafter "Respondent"), to remove his lifetime CDL

---

powers when it performs a function lawfully delegated to it by the legislature unless the statute vests "discretion in administrative officials without fixing any adequate standards for their guidance." *Atlantis I Condo. Ass'n v. Bryson*, 403 A.2d 711, 713 (Del. 1979) (quoting *State v. Durham*, 191 A.2d 646, 649–50 (Del. Super. 1963)). Petitioner's argument appears to be that probable cause findings do not fit the statutory definition of conviction, not that the definition itself runs afoul of this non-delegation principle. Accordingly, the Court will treat this case as one of statutory rather than constitutional interpretation.

[4] Stipulation of Facts (D.I. 17).

[5] *Id.* ¶ 1.A.

[6] 21 *Del. C.* § 4177(a)(4).

[7] Stipulation of Facts (D.I. 17) ¶ 2.A.

[8] 21 *Del. C.* § 2742(d) and (f).

3

suspension and to reinstate his right to acquire a CDL.[9]  On March 29, 2022, Petitioner moved for summary judgment pursuant to Superior Court Civil Rule 56.[10] In response, Respondent filed an answering brief on April 29, 2022, opposing summary judgment for Petitioner and arguing on the merits that the suspension of his CDL was valid.[11]  Petitioner filed a reply brief on May 30, 2022,[12] and the Court heard oral argument on July 22, 2022.  Given the lack of factual dispute, the parties agreed at oral argument to treat the pleadings as Cross Motions for Summary Judgment.[13]

## STANDARD OF REVIEW

When a party moves for summary judgment on a petition for a writ of mandamus, the court must address both "the standard for granting a writ of mandamus and the standard for granting a motion for summary judgment."[14] Mandamus is issuable only to require the performance of "a clear legal or ministerial duty" and even then, only if the petitioner has no other adequate remedy.[15]  "In Delaware, mandamus is a prerogative writ in the supervisory sense " and should only be issued "in the exercise of sound judicial discretion."[16]  However, since the parties have not briefed or argued the requirements for mandamus, the Court will assume *arguendo* that mandamus would be an appropriate remedy if Petitioner prevails on his legal claim.

---

[9] Pet. for Writ of Mandamus or in the Alternative Declaratory J. (D.I. 1) at 1–4.  In the alternative, Petitioner requests a declaratory judgment that the "DMV is without any authority, statutory, legal, or otherwise, to suspend Petitioner's CDL for life." *Id.* at 4.

[10] Pet'r's Mot. for. Summ. J. (D.I. 18).

[11] Resp't's Answering Br. in Opp'n to Pet'r's Mot. for Summ. J. (D.I. 19) [hereinafter "Answering Br."].

[12] Pet'r's Reply Br. in Resp. to Resp't's Resp. to Pet'r's Mot. for Summ. J. (D.I. 21).

[13] Oral Arg. Tr. (D.I. 24) at 3:4–10.

[14] *Rosario v. Town of Cheswold*, 2007 WL 914899, at *1 (Del. Super. Mar. 2, 2007), *aff'd*, 945 A.2d 1168 (Del. 2008) (TABLE).

[15] *Id.*

[16] *Ingersoll v. Rollins Broad. of Del., Inc.*, 272 A.2d 336, 338 (Del. 1970).

Where mandamus is an appropriate remedy, "the Court can then consider the appropriateness of summary judgment," which should be granted only when "the record shows that there is no genuine issue as to any material fact and [that] the moving party is entitled to judgment as a matter of law."[17] However, "[s]ummary judgment may not be granted if the record indicates that a material fact is in dispute, or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law to the circumstances."[18] Since there are no disputes of material fact in this case, the appropriateness of summary judgment turns on Petitioner's argument that a lifetime CDL suspension for two probable cause findings is not authorized by statute.

## ANALYSIS

The probable cause findings against Petitioner were reached by default under the procedure laid out in 21 *Del. C.* § 2742 and explained in greater detail below. § 2742 provides for the temporary revocation of standard driver's licenses as a consequence of violations of Delaware's DUI law, 21 *Del. C.* § 4177, and is not part of the UCDLA. This case turns on the interaction between § 2612(b) of the UCDLA, which calls for lifetime revocation of CDLs upon two convictions as defined in § 2603(12), and the procedures in § 2742, which provides for the suspension of driver's licenses after opportunity for a hearing. For the reasons that follow, the Court concludes that a probable cause finding in a § 2742 driver's license proceeding, even when entered by default, is a "determination that a person has

---

[17] *Rosario*, 2007 WL 914899, at *2.
[18] *Id.* (citing *Ebersole v. Lowengrub*, 180 A.2d 467, 468–69 (Del. 1962)).

violated or failed to comply with the law . . . by an authorized administrative tribunal" for which a CDL may be revoked under the UCDLA.[19]

## 1. Administrative Tribunal

Petitioner first contends that probable cause findings cannot be convictions because a DMV administrative hearing pursuant to 21 *Del. C.* § 2742 is not conducted by an "authorized administrative tribunal."[20]  However, it is a "fundamental rule of statutory construction [] that a statute's words and phrases should not be read in isolation."[21] Petitioner's assertion that the word "tribunal" implies a judge in a court of law is undercut by the placement of the word "administrative" immediately before it.  Moreover, the phrase "administrative tribunal" is used throughout the Delaware Code and case law to refer to non-judicial bodies, including, for example, the Environmental Appeals Board,[22] the Unemployment Insurance Appeal Board,[23] and the Code Official for Kent County when conducting a violation hearing.[24]  Moreover, when faced with the question of whether license revocation proceedings before the DMV could preclude subsequent criminal prosecutions, this Court has implicitly identified the DMV's hearing officer as an administrative tribunal, stating the following:

> Although the Restatement [of Judgments] recognizes that a determination by **an administrative tribunal** may have the same effect as a judgment of a court, this rule is subject to several exceptions.  One exception is when this would be incompatible with a legislative policy.
>
> …

---

[19] 21 *Del. C.* §§ 2603(12) and 2612(b).
[20] Oral Arg. Tr. at 25:6–10.
[21] *See Div. of Family Servs. v. O'Bryan*, 164 A.3d 58, 62 (Del. 2017).
[22] *Delmarsh, LLC v. Envtl. Appeals Bd.*, 277 A.3d 281, 289–90 (Del. 2022).
[23] *Holbrook v. Dep't of Labor*, 1995 WL 411389, at *1–2 (Del. Super. June 9, 1995).
[24] 9 *Del. C.* § 5601(1) (explicitly defining the term "administrative tribunal" to mean a "violation hearing before the Code Official for Kent County" for the chapter of the Delaware Code governing Kent County Property Maintenance).

[I]t would be contrary to legislative policy to preclude criminal proceedings based on a finding in the **administrative license revocation proceedings**.[25]

Addressing nearly identical statutory schemes, courts in other states have construed "authorized administrative tribunal" to include their states' equivalents of the DMV. For example, the Supreme Court of North Dakota reasoned that North Dakota's Department of Transportation is an authorized administrative tribunal because it is an agency "authorized by statute to suspend an individual's driver's license."[26] The Court finds this reasoning equally persuasive here. A hearing under 21 *Del. C.* § 2742 is conducted by the Secretary of Transportation or the Secretary's designee.[27] The Secretary is authorized by statute to hold probable cause hearings and to revoke driver's licenses. Thus, a hearing before the Secretary or his or her designee is a hearing before an "authorized administrative tribunal."

## 2. Standard of Proof

*Proof Beyond a Reasonable Doubt Not Required*

Petitioner also asserts that any "conviction" requires proof beyond a reasonable doubt, and thus that a finding of only probable cause cannot be a conviction.[28] The burden of proof in criminal prosecutions, proof beyond a reasonable doubt, is a constitutional requirement derived from the Due Process Clause of the United States Constitution.[29] This requirement, however, is

---

[25] *State v. Hendricks*, 1984 WL 553552, at *2 (Del. Super. May 4, 1984) (emphasis supplied) (internal citation omitted).

[26] *Bienek v. Dep't of Transp.*, 736 N.W.2d 492, 496 (N.D. 2007); *see also Ziehlke v. Valverde,* 120 Cal. Rptr. 3d 655, 660 (Ct. App. 2011) ("The hearing in accordance with the DMV administrative per se law is a hearing of an administrative tribunal authorized by statute to decide whether facts exist to suspend a person's driver's license.").

[27] *See* 21 *Del. C.* § 2742(f) ("The hearing under this section shall be before the Secretary or the Secretary's designee."); 21 *Del. C.* § 101(68) ("'Secretary' means the Secretary of Transportation of this State or the Secretary's duly authorized designee.").

[28] Opening Br. at 11.

[29] *In re Winship*, 397 U.S. 358, 364 (1970) ("[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.").

7

inapplicable to civil proceedings.[30] Here, neither the probable cause findings nor the lifetime license revocations are criminal convictions, and thus the constitutional requirement of proof beyond a reasonable doubt does not apply. Nevertheless, Petitioner contends that a criminal conviction is required to trigger the latter, the license revocation, because the UCDLA uses the word "convicted."[31]

Besides the label "conviction," Petitioner points to nothing in the statute indicating that the legislature intended to limit the provision's scope to criminal convictions only. The label alone is insufficient to support that inference, as courts from other states have repeatedly held. For example, in *State v. Arterburn*, the Supreme Court of Nebraska explained that a civil or criminal label "is not always dispositive."[32] The court went on to reject the defendant's double jeopardy argument, concluding that emphasis on the word "conviction" alone failed to "consider the intent of the commercial driver's license legislation," which "is to reduce or prevent commercial motor vehicle accidents, fatalities, and injuries."[33]

Ultimately, it is the UCDLA's definition of conviction that is dispositive, and not the word "conviction" read in isolation. As noted above, 21 *Del. C.* § 2603(12) defines conviction broadly, including many dispositions that do not require proof beyond a reasonable doubt—for example, an unvacated forfeiture of bail, the payment of a fine or court cost, and a violation of a condition of release without bail. This broad definition is consistent with the legislation's purpose, which is not to impose criminal punishment, but rather to protect the public from the inherent risk

---

[30] *Mills v. State*, 732 A.2d 845, 850 (Del. 1999) ("Proof beyond a reasonable doubt has 'traditionally been regarded as the decisive difference between criminal culpability and civil liability.'" (quoting *Jackson v. Virginia,* 443 U.S. 307, 315 (1979))).

[31] 21 *Del. C.* § 2612(b).

[32] 751 N.W.2d 157, 163 (Neb. 2008).

[33] *Id.*; *see also State v. Burnell*, 966 A.2d 168, 178 (Conn. 2009) (following *Arterburn* and holding that "an administrative license suspension under [Connecticut state law] does not constitute a conviction for purposes of the federal double jeopardy protections.").

of allowing drivers with a propensity for dangerous infractions to operate commercial motor vehicles. Accordingly, the Court rejects Petitioner's argument that a "conviction" within the meaning of the UCDLA requires proof beyond a reasonable doubt.

Nonetheless, it does not necessarily follow from this conclusion that a finding of probable cause to arrest fits the conviction definition. This question requires a closer look at the statutory scheme under which these probable cause findings are made.

*Driver's License Revocation and Hearing Procedure*

21 *Del. C.* § 4177(a) provides that "[n]o person shall drive a vehicle" while, *inter alia*, "the person is under the influence of alcohol" or "[w]hen the person's alcohol concentration is .08 or more." Upon certification by the arresting officer "that there existed probable cause to believe that the person was in violation of § 4177" or a similar local ordinance, "the Secretary shall revoke the person's driver's license and/or driving privilege" for a period ranging from 3 months for a first-time offender to up to 18 months for repeat offenders.[34] However, such revocation is not effective until the person is notified and has been allowed 15 days to request a hearing.[35] If the person does not request a hearing, "the order of revocation becomes effective,"[36] and, at least in Petitioner's case, a finding of probable cause is entered by default.

When the person does request a hearing, the scope of that hearing is provided for in 21 *Del. C.* § 2742(f), and covers two issues relevant here:

> 1) . . . whether the police officer had probable cause to believe the person was in violation of § 4177 . . . of this title or a local ordinance substantially conforming thereto.

---

[34] 21 *Del. C.* § 2742(c)(1).
[35] 21 *Del. C.* § 2742(d).
[36] *Id.*

9

2) . . . whether by a preponderance of the evidence it appears that the person was in violation of § 4177 of this title or a local ordinance substantially conforming thereto.[37]

The Delaware Supreme Court has explained that these are two distinct prongs, each of which must be satisfied to sustain a license revocation.[38]

In sum, there are two important takeaways from this statutory scheme. First, the legislature has expressly attached consequences to an uncontested finding of probable cause. Second, the person may assert a right to a hearing at which the State must establish the person's guilt of the underlying violation by a preponderance of the evidence for the revocation to become effective.

Here, the parties have stipulated that the DMV entered two probable cause findings against Petitioner by default, once because he requested the hearing and failed to attend and again because he did not request a hearing at all.[39] While Petitioner never exercised his statutory right to have a hearing on whether, by a preponderance of the evidence, it appeared he had actually violated the law, the Court notes that the BAC levels stipulated to—0.188 and 0.181—would have been more than sufficient to establish by a preponderance of the evidence that Petitioner had operated a motor vehicle with an alcohol concentration of .08 or more.[40] The question, however, is whether the probable cause findings alone, entered by default

---

[37] 21 *Del. C.* § 2742(f)(1) and (2).

[38] *See Clendaniel v. Voshell*, 562 A.2d 1167, 1170 (Del. 1989) ("To prevail pursuant to 21 *Del. C.* § 2742(f) the State must: (1) prove that the police officer had probable cause to charge the defendant with the offense of operating a motor vehicle while intoxicated and (2) prove by a preponderance of the evidence that the defendant committed the offense.").

[39] The Court notes that the CDL disqualification notices, consistent with the stipulation of facts, list the "Conviction Literal" as "Probable Cause." Answering Br. (D.I. 19) Ex. A and Ex. B.

[40] *See* 21 *Del. C.* § 2742(f)(2) ("For purposes of this subsection[,] an alcohol concentration of .08 or more pursuant to testing provided for in this section, or § 4177 of this title . . . shall be conclusive evidence of said violation.").

10

without a hearing in both instances, are sufficient determinations of guilt for the purposes of the lifetime revocation provision in the UCDLA.[41]

*Construction and Purpose of the Uniform Commercial Driver License Act*

The UCDLA's definition of conviction is silent as to the level of proof that must support an authorized administrative tribunal's "determination" that a violation has occurred.[42] In order for probable cause findings to qualify as convictions, that minimum standard of proof must be equal to or less than probable cause. Courts have not defined "probable cause" to arrest with precision, but it is well settled that it is higher than mere suspicion but less than that required to sustain a criminal conviction (in other words, less than beyond a reasonable doubt).[43]

Since the statute does not specify a specific standard of proof by which a driver's violation must be established, it is reasonably susceptible to different interpretations and therefore ambiguous.[44] When a statute's language is ambiguous, the Court must interpret the language "in a way that promotes the statute's purpose."[45] Here, the UCDLA contains an express statement of intent and purpose,

---

[41] The cases relied upon by Respondent, *Strup v. Director of Revenue*, 311 S.W.3d 793 (Mo. 2010), and *Burdine v. Arkansas Dept. of Finance & Admin*, 379 S.W.3d 476 (Ark. 2010), do not resolve the issue. There, the courts held that administrative probable cause findings by the Missouri Department of Revenue (MDR) were "convictions" for which CDLs could be revoked under Missouri law and the federal regulations. *Strup*, 311 S.W.3d at 798; *Burdine*, 379 S.W.3d at 481–82. Respondent correctly points out that the definition of "conviction" applied in those cases is nearly identical to Delaware's. However, Missouri law differs in one critical respect—it explicitly provides for an alcohol-related law enforcement contact as a form of DUI violation. Mo. Ann. Stat. § 302.755(1) (West); *see Burdine*, 379 S.W.3d at 483 (Wills., J., concurring) ("The conduct of being stopped on probable cause for driving under the influence and a later suspension based on that conduct, standing alone, constitutes a disqualifying event under Missouri law . . .").

[42] 21 *Del. C.* § 2603(12).

[43] *Juliano v. State*, 260 A.3d 619, 629 (Del. 2021) (noting that probable cause "is an elusive concept which avoids precise definition" but "lies somewhere between suspicion and sufficient evidence to convict" (quoting *Jackson v. State*, 643 A.2d 1360, 1365 (Del. 1994))).

[44] *Judicial Watch, Inc. v. Univ. of Delaware*, 267 A.3d 996, 1004 (Del. 2021) ("Statutory language is ambiguous when it is reasonably susceptible to different conclusions or interpretations.").

[45] *Id.* at 1005.

11

which provides that "[t]he purpose of this chapter is to implement the federal Commercial Motor Vehicle Safety Act of 1986 . . . and reduce or prevent commercial motor vehicle accidents, fatalities and injuries" by, *inter alia*, "[d]isqualifying commercial drivers who have committed certain serious traffic violations, or other specified offenses."[46] In addition, it provides that the chapter is a "remedial law and shall be liberally construed to promote the public health, safety and welfare."[47]

Turning to the "conviction" definition,[48] one common civil standard of proof that might apply is preponderance of the evidence, which would require proof that it is more likely than not that the CDL holder violated the law.[49] However, the Delaware Supreme Court has consistently stated that a showing of probable cause "does not require the officers to . . . establish that the arrestee's guilt is more likely than not."[50] Thus, probable cause findings would not be sufficient if the conviction definition is construed to require proof by a preponderance of the evidence. However, the standard of proof below preponderance of the evidence is substantial evidence, defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[51] This tracks much more closely with the level of certainty sufficient to establish probable cause to arrest—"facts which suggest,

---

[46] 21 *Del. C.* § 2602(a).

[47] 21 *Del. C.* § 2602(b).

[48] 21 *Del. C.* § 2603(12).

[49] *See JER Hudson GP XXI LLC v. DLE Inv'rs, LP*, 275 A.3d 755, 782 (Del. Ch. 2022) ("Proof by a preponderance of the evidence means proof that something is more likely than not." (quoting *Martin v. Med-Dev Corp.*, 2015 WL 6472597, at *10 (Del. Ch. Oct. 27, 2015))).

[50] *Stafford v. State*, 59 A.3d 1223, 1229 (Del. 2012), *as corrected* (Mar. 7, 2013); *Juliano*, 260 A.3d at 629 ("A finding of probable cause does not require the police to uncover information sufficient to prove a suspect's guilt beyond a reasonable doubt or even to prove that guilt is more likely than not." (quoting *Jackson*, 643 A.2d at 1365)).

[51] *Arrants v. Home Depot*, 65 A.3d 601, 605 (Del. 2013) (quoting *Person–Gaines v. Pepco Holdings, Inc.*, 981 A.2d 1159, 1161 (Del.2009)).

when those facts are viewed under the totality of the circumstances, that there is a fair probability that the defendant has committed a crime."[52]

The statutory mandate to adopt constructions promoting public safety, together with the clearly articulated purpose of preventing commercial motor vehicle accidents, leads this Court to conclude that the definition of "conviction" should not be construed to require determinations by a preponderance of the evidence. At most, it requires substantial evidence of a violation, which a finding of probable cause is sufficient to establish. A contrary result would frustrate the statutory purpose and would create illogical incentives for CDL holders who are stopped on probable cause of drunk driving. Requesting and attending an administrative hearing would invite the DMV to make an express determination, by a preponderance of the evidence, that a violation had occurred. This would certainly constitute a "determination that a person has violated or failed to comply with the law . . . by an authorized administrative tribunal" and thus constitute a conviction triggering license revocation.[53] There is no reason to believe that the legislature intended for CDL holders to be able to avoid the more severe consequences set out in § 2612 of the UCDLA simply by declining to exercise their right to a hearing and instead accepting, uncontested, the shorter suspension period provided for in 21 *Del. C.* § 2742.[54]

The case at bar is illustrative. Given the BAC levels stipulated to by the parties, there can be little doubt that had Petitioner gone forward with DMV hearings in either case, the hearing officers would have found by a preponderance of the evidence that he had committed an alcohol-related violation. That he did not do so

---

[52] *Juliano*, 260 A.3d at 629 (quoting *Jackson*, 643 A.2d at 1365).
[53] 21 *Del. C.* § 2603(12).
[54] *See Zambrana v. State*, 118 A.3d 773, 776 (Del. 2015) (noting that statutory "interpretations which yield mischievous or absurd results are to be avoided" (quoting *Spielberg v. State*, 558 A.2d 291, 293 (Del. 1989))).

does not create a legal basis to demand that his CDL be reinstated, even if such relief would be an appropriate exercise of this Court's mandamus power.

## CONCLUSION

For the forgoing reasons, Petitioner's motion for summary judgment is **DENIED**, and Respondent's cross-motion for summary judgment is **GRANTED**. Accordingly, Petitioner's petition for a writ of mandamus, or in the alternative, declaratory judgment, is **DENIED**, and the petition is dismissed with prejudice.

**IT IS SO ORDERED.**

Noel Eason Primos, Judge

NEP:tls
*Via File & ServeXpress*
oc: Prothonotary
cc: Counsel of Record

14